Matter of the Estate of JOHN H. DAWSON, Deceased.

(Surrogate's Court, New York County, February, 1920.)

Liens — attorneys — services — executors and administrators.

An attorney has no lien upon assets of an estate for services rendered either in a probate proceeding or upon an application for letters of administration.·

DISCOVERY proceeding.

John F. McCall, for petitioner.

Thomas C. Kadien, Jr., for respondent.

COHALAN, S.  This is a discovery proceeding where the former attorney for the administrator c. t. a. is cited to attend and be examined as to certain property belonging to the estate which he is alleged to be withholding from the administrator c. t. a.  The attorney submits an answer in which he admits having possession of life insurance policies and bank books, some of which belong to the estate of John H. Dawson and others to the estate of Annie A. Dawson, the widow of the above-named decedent, who predeceased said decedent by about two days.  The respondent attorney claims the right to hold said property under an attor-

ney's lien. The services for which the lien is claimed were performed in the probate proceeding and in the application for the appointment of an administrator c. t. a.

The facts seem to bring the case within *Matter of Rabell,* 175 App. Div. 345, where the right of an attorney for an administrator or an executor to a lien on estate assets was thoroughly examined and considered.

There is no claim herein that the respondent by his services as attorney brought the property he holds into existence or that he caused anything to be added to the value of it. The next of kin were the beneficial owners of the bank books and insurance policies because there was no legatee to take under the will. The next of kin had such beneficial ownership by virtue of the Statute of Distributions. It was necessary to secure legal authority to administer the estate and pay over the property. No one was withholding or disputing the right of the next of kin to said property. The letters of administration did not fix any rights as to ownership. It was a necessary legal step preliminary to a distribution. A different situation is presented where an attorney has been successful through an accounting or other proceeding in procuring the delivery or turning over of property withheld, for in such a case the securing of the property for the client is the result of the attorney's services. In an administration proceeding the decree appoints an administrator and does not determine that any one has a right to own property of the estate. Such a right is derived from the statute law of the state. There can be no enforcible charging lien under section 475 of the Judiciary Law upon the general assets of the estate because the proceeding for the appointment of the administrator has been terminated. There are no " proceeds " of said decree, and there

is no practicable way to enforce such a lien. *Estate of Nocton,* 162 N. Y. Supp. 215.

At common law an attorney has a retaining lien on all papers, securities or moneys belonging to his client which came into his possession in the course of his professional employment. *Matter of Heinsheimer,* 214 N. Y. 361. The property in question herein did not belong to the respondent's client or clients. He did not represent all the next of kin. It belonged to all the next of kin, subject to administration. When the property was delivered to the respondent it was in the nature of trust property. He received it merely as a custodian. Possession by the attorney was not necessary to draw the papers and attend to the details of procuring letters of administration. As in the *Heinsheimer Case, supra,* it was a mere accidental circumstance that the respondent came into possession of the property.

There are cases where an attorney has a lien upon funds of an estate in his possession. But in all such cases the attorney's services produced the fund (*Matter of Knapp,* 85 N. Y. 284), or the employment of the attorney was for the particular purpose of collecting a specific fund and legal proceedings were necessary to that purpose. *Matter of Rabell, supra,* 350. In *Matter of O'Connor,* 177 App. Div. 616, where a retaining lien upon assets of an estate was upheld, the court stated this distinguishing feature, as follows (p. 617): "But in neither of these cases was the attorney in actual possession of funds of the estate upon which he claimed a lien *for services performed in collecting or recovering them.*" In that case it appeared that the attorneys had performed various services in the conversion of the estate into cash and in the sale of stocks and notes, part of the proceeds of which came into the hands of the attorneys in the

course of their professional services, which assisted in putting the moneys into the hands of the administratrix.

As it appears, therefore, that the respondent attorney has no lien upon the property withheld, he will be directed to deliver it to the petitioner.

Decreed accordingly.