Benjamin F. Schreiber, J.
This is a motion pursuant to section 794 of the Civil Practice Act, directing a third party to turn over to the city collector of the City of New York the sum of $873.35 out of moneys held by said third party in escrow to the credit of the judgment debtor. The issues presented are (1) whether the city is entitled to a preferential payment of its claim for unpaid sales and business taxes against the proceeds of a bulk sale; (2) whether the city’s claim for taxes which became due prior to the dates on which the judgment creditors served a subpoena in supplementary proceedings upon the third party entitle it to a priority over the claim of such judgment creditors; and (3) should the rights of general creditors who have not reduced their claims to judgment be determined in this proceeding under section 794 of the Civil Practice Act.
The debtor’s business was disposed of by a bulk sale on March 4, 1954, at which time he deposited the sum of $1,000 in escrow with the third party, to be held by him to insure the payment of creditors of the seller and New York city sales and gross business taxes. The third party does not oppose this application, but asks leave of the court to deposit the sum held into court for distribution to the persons entitled thereto *1034 pursuant to further order of the court. He also asks the court to interpret his position respecting those creditors who have not reduced their claims to judgment, but whose claims have been brought to his attention.
The city’s taxes, it appears, accrued prior to March 4, 1954 and became due and payable not later than April 3, 1954 (30 days after debtor closed business). The judgment creditor’s subpoena in supplementary proceedings was served upon the third party herein on August 10, 1954. The city, therefore, had an equitable lien for the tax arrears, which arose prior to that of the judgment creditors, and is entitled to prior payment. The rule is well settled that moneys and taxes due the City of New York are similar to and on a par with those possessed by the State in regard to the collection of State taxes (Matter of Brown Print. Co., 285 N. Y. 47; Matter of McClatchey, 170 Misc. 696), and the city has a priority for the payment of its tax claim over that of the judgment creditor’s claim to an equitable lien. That the city has a common-law right of priority over other creditors of the taxpayer in the distribution of the assets of an insolvent estate has been established (Matter of Atlas Tel., 273 N. Y. 51; Ratner-Stanhope Corp. v. Rosen, 49 N. Y. S. 2d 750). And moreover, it is well-established law of the State of New York that the common-law right of the sovereign to a priority of payment for taxes extends to all property of the debtor, whether in his possession, in custodia legis or in the possession of a third party, as in the case at bar, and is not limited in scope to any particular type of judicial proceeding (Marshall v. New York, 254 U. S. 380; Smith v. Meader Pen Corp., 255 App. Div. 397, affd. 280 N. Y. 554; Matter of Franklin Auto Supply Co. v. Bellerose Motors, 193 Misc. 667; Ratner-Stanhope Corp. v. Rosen, supra).
In addition to the city’s common-law equitable lien, on the date its taxes became due, as hereinabove pointed out, the city also acquired a statutory “ first priority right and lien ” upon the proceeds of a “ bulk sale ’ ’ by virtue of the provisions of sections N41-11.0, BB41-10.0 and B46-10.0 of the Administrative Code. Insofar as is here pertinent, the provision, after setting forth what constitutes a bulk sale, reads as follows (e.g., Administrative Code, § N41-11.0, subd. c): “ Whenever the purchaser, transferee or assignee shall fail to give notice to the comptroller as required by the preceding paragraph, or whenever the comptroller shall inform the purchaser, transferee or assignee that a possible claim for such tax or taxes exists, any sums of money, property or choses in action, or other consideration, which the purchaser, transferee or assignee is required to transfer over *1035 to the seller, transferrer or assignor shall be subject to a first priority right and lien for any such taxes theretofore or thereafter determined to be due from the seller, transferrer or assignor to the city, and the purchaser, transferee or assignee is forbidden to transfer to the seller, transferrer or assignor any such sums of money, property or choses in action to the extent of the amount of the city’s claim. For failure to comply with the provisions of this subdivision, the purchaser, transferee or assignee, in addition to being subject to the liabilities and remedies imposed under the provisions of section forty-four of the personal property law, shall be personally liable for the payment to the city of any such taxes theretofore or thereafter determined to be due to the city from the seller, transferrer or assignor, and such liability may be assessed and enforced in the same manner as the liability for tax under this title.”
In the case at bar, it is admitted that the purchaser avoided the personal liability by depositing $1,000 of the purchase price in escrow, enjoining the escrowee (third party) to keep the fund “ until a release or stipulation is received from the City of New York for such sales, taxes and gross business taxes.” The fund in the hands of the third party, therefore, having come about as a result of a bulk sale, is subject to the city’s first priority lien, which must be held as prior and superior to that of the judgment creditors (Levy v. Tubby’s Wine & Liquor Shop, 110 N. Y. S. 2d 653, revd. on other grounds 116 N. Y. S. 2d 207; Klinghoffer v. Peter’s Ridgewood, 111 N. Y. S. 2d 290).
For the reasons stated and upon the authorities cited, I am persuaded that the lien of the City of New York has priority and the city is entitled to payment of its claim in full from the fund in escrow. It is therefore unnecessary to pass upon the other questions presented. Settle order.