Jacob J. Schwartzwald, J.
This is an application pursuant to section 794 of the Civil Practice Act for an order directing the third party, as escrowee, to turn over to the city collector of the City of New York the sum of $684.64 held by such escrowee to the credit of the judgment debtor.
The facts are not in dispute. On December 31, 1953, Avenue U Service Center, Inc., the judgment debtor, sold to one Bruno Oliver! a service station and garage business and in connection with the sale there was deposited with William Weintraub, an attorney, as escrowee, the sum of $1,300. This deposit was made to assure payment of creditors of the seller and payment of the New York City sales and business taxes pursuant to the terms of the escrow agreement. Out of these funds the escrowee paid to the Manufacturers Trust Company the sum of $542.01 and to the Director of Internal Revenue the sum of $73.35, leaving a balance of $684.64 in the hands of the escrowee.
The city’s judgment for sales and business taxes owed by the judgment debtor is for $853.99 plus interest and that of the Continental Casualty Company is for $89.92. The Continental Casualty Company served its subpoena in supplementary proceedings on the escrowee on November 8, 1954, and the City of New York served its third-party subpoena on February 18, 1955. The city’s taxes accrued prior to December 31, 1953, the date of the sale of the business, and became due in the case of the business tax not later than January 30, 1954, and with respect to the sales tax not later than March 20, 1954. The *796 escrowee, who was the attorney for the seller, also claims a lien of $200 for services rendered to the seller.
The issues to be determined upon this application are the relative priorities of the claims of the City of New York, the Continental Casualty Company and the attorney who is the escrowee under the agreement.
A case directly in point is Matter of City of New York v. Leibowitz (5 Misc 2d 1033) where the factual situation is similar to that presented here. There the court held that the city had priority and I am in accord with the views expressed by the court in that case. The court stated: “ The fund in the hands of the third party, therefore, having come about as a result of a bulk sale, is subject to the city’s first priority lien, which must be held as prior and superior to that of the judgment creditors (Levy v. Tubby’s Wine & Liquor Shop, 110 N. Y. S. 2d 653, revd. on other grounds, 116 N. Y. S. 2d 207; Klinghoffer v. Peter’s Ridgewood, 111 N. Y. S. 2d 290).”
As to the attorney’s alleged lien, the escrow agreement does not indicate any intention on. the part of the parties that the escrow funds be used to pay attorney’s fees. The agreement provides that the moneys deposited are to be used for the purpose of securing the payment of creditors, lienors, mortgagees, taxes or claimants, and no mention is made of attorney’s fees. These moneys on deposit with the attorney constitute trust funds and it would seem to me that the sole purpose of the deposit was to pay the taxes due the city and other debts of the seller incurred in connection with the business, and not the attorney’s fees arising out of the sale.
In view of the foregoing, the city’s motion is granted.