John E. Cone. J.
Motion by the City of New York to direct an escrow agent to turn over to it moneys held by him for the credit of the Y. I. K. Corporation. The latter sold its business in bulk in May, 1955, at which time $2,740.57 was turned over to the escrowee to be used for the payment of general creditors and taxes.
There is due to the City of New York $3,000 and interest on a judgment entered on December 29, 1955, for business taxes for the period of January 1, 1951, to December 31, 1954, and for sales taxes from January 1,1952, to May 18,1955. There is also due against the Y. I. K. Corporation: (1) a judgment in the amount of $273.24 entered on March 15, 1956, in favor of the State Insurance Fund for earned premiums for workmen’s compensation insurance from January 16,1954, to April 6,1954; (2) a balance of $911.79 in favor of the "Workmen’s Compensation Board on judgments entered against the debtor on November 20, 1953, December 29, 1953, March 31, 1954, and August 25,1954; (3) a balance of $44.65 on a judgment in favor of Hoffman Beverage Company entered November 3, 1954. Prior to the bulk sale, a city marshal with respect to this judgment levied on the property and collected $20. After the bulk sale and on June 1, 1955, pursuant to section 687-a of the Civil Practice Act a certification and levy was served on the escrowee. More than 120 days have elapsed and the said levy was not extended; (4) a judgment in the amount of $126.38 entered in favor of Seggerman Slocum, Inc., on August 8, 1954, and supplementary proceedings were instituted with respect thereto on October 25, 1955, by serving the escrowee with a third-party subpoena.
There are also other judgment creditors who have been notified of the proceeding but have failed to appear or oppose this application. The city’s taxes having accrued prior to the service of the subpoena of Seggerman Slocum, Inc., its equitable lien is entitled to priority over that of Seggerman Slocum, Inc. (Matter of City of New York v. Leibowitz, 5 Misc 2d 1033).
The city’s lien, is also superior to that of Hoffman Beverage Company. By virtue of the provisions of the Administrative *886 Code of the City of New York (§§ 41-11.0, RR 41-10.0 and B 46-10.0) the city acquires first priority right and lien upon the proceeds of a bulk sale (Matter of City of N. Y. v. Avenue U Service Center, 5 Misc 2d 795).
The city’s lien also has priority over that of the State Insurance Fund for premiums for workmen’s compensation (Matter of Torpedo Dress Corp., 176 Misc. 60, affd. 259 App. Div. 994, affd. 285 N. Y. 626).
With respect to the lien of the Workmen’s Compensation Board, it is my opinion that the lien is in parity with that of the city. The preference given to the Workmen’s Compensation Board under section 34 of the Workmen’s Compensation Law contemplates priority over general creditors. No mention therein is made with respect to priorities over sovereigns in their claims for taxes (see Matter of Brown Print Co., 285 N. Y. 47).
The motion is accordingly granted to the extent that the escrowee shall turn over, in parity, the sum of $2,740.57 to the City of New York and the Workmen’s Compensation Board. Settle order on notice setting forth the amount payable to each.