Matthew M. Levy, J.
The judgment debtors herein are Eleanor Weiss and Sam Harris, copartner-owners of a service station. Eleanor Weiss is the wife of Harvey Ettman. The service station was sold by the owners to Morris Kessler for the sum of $2,750. Abraham Marhhoff was the attorney for the purchaser. Marhhoff retained in his possession as escrowee 10 promissory notes totalling $750 in face amount, made by the purchaser and payable to Ettman, which notes were part of the purchase price in the sale. Under the escrow agreement, the escrowee was to pay outstanding debts of the sellers if the sellers themselves did not do so within 30 days. The escrowee did pay out three bills aggregating $185.28 due and owing by the sellers. He states that he holds the balance pending the receipt of clearance of the New York City sales taxes due by the sellers to the municipality.
Before me at this time is an application by the judgment creditor, the City of New York, pursuant to section 794 of the Civil Practice Act, for an order directing the escrowee, as the third party in proceedings supplementary to judgment, to turn over to the city collector the 10 promissory notes, totalling $750, held by such escrowee to the credit of the judgment debtors. The indebtedness to the judgment creditor, upon which the judgment herein is grounded, arose out of the unpaid city sales taxes. In opposition to this motion, the escrowee states (1) that he does not hold any notes due and owing to the judgment debtors, but rather to another person, Ettman, who is not a party to these proceedings; (2) that the notes were not to be paid by the purchaser until such time as Ettman furnished proof of payment of the city sales taxes and that, as this is a condition precedent to the turning over of the notes to the sellers, the purchaser (and therefore the escrowee) would not be obligated to turn over the notes either to the sellers or to any judgment creditor, who would stand in the same shoes as *484 the sellers, until such time as the condition has been complied with — that is, until clearance is received from the city collector that all tax bills (which exceed in amount the $750 here involved) have been paid in full by the sellers; and (3) that if he, the escrowee, were directed to turn over any promissory notes, he should not be required to turn over notes totalling $750 but rather notes totalling $564.72, representing the balance on hand.
The first contention of the escrowee is without merit. By Ettman’s affidavit, as well as that of Weiss, submitted by the judgment creditor on this motion, it is shown that Ettman acted as agent for the sellers and that the unpaid notes are admittedly the property of Weiss and Harris, the judgment debtors.
As to the second contention, the case is not unlike that of Matter of City of New York v. Avenue U Service Center (5 Misc 2d 795, 796) where the court said the “ ‘ fund in the hands of the third party, therefore, having come about as a result of a bulk sale, is subject to the city’s first priority lien, which must be held as prior and superior to that of the [other] judgment creditors ’ ”. (See, also, Matter of City of New York v. Leibowitz, 5 Misc 2d 1033.) Under subdivision c of section N41-11.0, subdivision c of section RR41-10.0 and subdivision c of section B46-10.0 of the Administrative Code of the City of New York, the payment of the sales taxes due to the city by the sellers — where the purchaser did not duly notify the city comptroller of the prospective bulk transfer — no longer was the sole responsibility of the sellers, but also became an obligation of the purchaser. The demand of the escrowee that he receive, on behalf of the purchaser, his client, full release from the city of all of the unpaid city sales taxes, before being compelled to turn over the escrowed notes to the city, is rejected.
The final question presented on this application is raised by the third contention — whether the escrowee (whose client, the purchaser, undisputedly made certain payments of claims presented by creditors against the sellers) is entitled to have deducted from the amount of the purchase-money notes held by the escrowee the total sum of those payments before being required to turn over those notes to the judgment creditor. The notes, totalling $750, were made on November 1, 1955. The citv’s warrant, in a sum larger than that, was effective April 23, 1957, and the third-party subpoena, was served upon the escrowee on April 29, 1957. Prior thereto, payments to creditors were made by the purchaser in the sum of $185.28. The sales agreement provided that the notes were to be held in escrow for *485 30 days, when they were to be delivered to the sellers upon their furnishing proof of payment of all outstanding bills, including city sales taxes; that after the 30-day period, the purchaser may make payment of bills due and owing from the sellers to any creditor, and the amount of such payment is to be deducted from the notes; and that the delivery of the notes to the sellers is to be made only upon satisfactory proof of payment of all bills presented by creditors.
It may be noted that it is not explained how it has come to pass that the notes are still held by the escrowee at this late date, but that is presently immaterial. The city suggests that, since the notes had not yet been delivered to the sellers, it is entitled to them, and that if the purchaser claims to have any right to reduce the amount of the notes to "the extent of the bills paid, the purchaser can raise such a defense or offset in any action the city might bring again* him on the notes. On the other hand, says the city, if the notes have been collected and the escrowee holds $564.72 in cash as a result of the offset, then the city has no objection to a turnover to it of the $564.72 in cash in lieu of the 10 notes totalling $750, and upon payment of that sum to the city, the escrowee will be released.
In view of the consensual plan suggested by the city, it seems to me to be idle and unnecessary to proceed in that devious fashion. There is no dispute upon the facts, actually, and therefore the direction of turnover should be in the sum of $564.72. I perceive, of course, a slight difficulty of mechanics in this particular, since the escrowee appears to have notes only, not cash. I believe adequate protection will be afforded all around, if the order were to direct the turnover of the notes, with the interest of the city therein being $564.72, and the interest in the balance therein when collected being in the purchaser. Thus, insofar as the escrowee is concerned, he will be out of the picture as a third party under section 794 of the Civil Practice Act. What the situation may be as between the city and the purchaser, or as between the purchaser and the sellers, is not before me on this application.
The motion is granted to the extent indicated. Settle order accordingly.