George Eilperin, J.
Plaintiffs seek the return of payment made on a contract of sale of real property, and accordingly move for summary judgment.
The papers reveal that plaintiffs entered into a contract of sale for the purchase of a home owned by the sellers. The contract provided that the plaintiffs may elect to apply for a conventional mortgage in the sum of $15,125 at the prevailing rate of interest and in the event of inability to obtain such mortgage on or- before June 13, 1958, and on five days ’ written notice to the sellers, all money paid on the contract was to be refunded and returned to the plaintiffs and the contract to be null and void. The defendant, as the attorney for the sellers, acknowledged receipt of the payment and agreed to hold the aforesaid money in escrow “ under all of the terms and conditions hereof.” Exhibits attached to the moving papers demonstrate that applications for the mortgage were made to the various lending institutions which were either denied or lesser mortgage commitments offered. As a result of such failure plaintiffs, pursuant to the terms of the contract, notified the sellers and their attorneys of their inability to obtain the specified mortgage commitment and requested the return of the deposit which was refused. The instant action was instituted only against the *965 attorney, the holder of the funds who, in addition to the usual denials, interposed an affirmative defense that the plaintiffs had misrepresented their financial status and income so as to prevent the issuance of a bank commitment.
This defense is amplified by the defendant in his reply affidavit by the claim that plaintiffs had represented that they had sufficient income to induce the granting of a commitment by a lending institution when in fact their income was considerably less. In reliance upon such representation, the sellers allegedly executed the contract. The defendant contends that the merger clause in the contract, which incidentally was prepared by him, was ineffective and inoperative as against a charge of fraud.
Assuming that the defense of fraud was available and was properly pleaded, such defense could only be pleaded by the parties aggrieved, who were the sellers. The defendant herein was not a party to the contract and is merely the escrow agent or stakeholder. The alleged fraudulent representations, if any, were made by the plaintiffs to the sellers and not to this defendant. Accordingly, the defense interposed and the facts set forth to sustain the defense are improper.
The defense, however, as pleaded is insufficient in an action of this nature. It has been held that the parol evidence rule forbids proof of extrinsic evidence to contradict or vary the terms of a written instrument and one who seeks to enforce an oral representation or promise relating to the subject matter of the contract in contravention of a merger clause cannot succeed, except in an action to rescind a contract on the ground of fraud. (Fogelson v. Rackfay Constr. Co., 300 N. Y. 334; Sabo v. Delman, 3 N Y 2d 155; Lyon Brewery v. Loughran, 223 App. Div. 623.) If the action was one to rescind the contract, the introduction of such oral fraudulent representations would be allowed despite the merger clause (Sabo v. Delman, supra, and cases cited therein). As the alleged fraud has been interposed as a defense in contravention of the merger clause, it must fall. In any event, the defense as pleaded is insufficient. It is elementary that to sustain an action or defense of fraud one must allege “ representation, falsity, scienter, deception and injury ”. (Ochs v. Woods, 221 N. Y. 335, 338.) Nowhere in the papers does the defendant establish injury or damage to the defendant or sellers as required. A failure to so plead is a vital defect. Accordingly, the motion is granted.
Submit order on notice.