Harold E. Koreman, J.
The judgment debtor, Sea Isle Foods, Inc., received an award in the Court of Claims in the amount of $17,500. Because certain judgment creditors refused to execute the necessary releases, the amount of the award was deposited in the State Bank of Albany by the Comptroller of the State of New York to be paid out pursuant to order of the Supreme Court.
On July 6, 1964 an order was signed directing the depository to pay out of the fund the sum of $4,650.18 as attorney’s fees and the sum of $8,250 plus 4% interest from December 19, 1963 to County Luncheonette, Inc., a chattel mortgagee. These payments were authorized with the consent of the other creditors and lienors who had made claims against the award. The purpose of this decision is to determine the priorities among the claimants in the balance remaining in the fund.
It appears that the following liens and judgments were obtained and filed against the judgment debtor:

The State of New York and the City of New York both claim priority over the judgment creditors based on the common-law priority of the sovereign for taxes which became due prior to the *1039 service of third-party subpoenas by the “private” judgment creditors. The State also claims that it is entitled to priority over all other creditors under a right of offset. The city also claims priority by virtue of a lien against the judgment debtor’s personal property under the provisions of section B46-10.0 of the Administrative Code of the City of New York.
Faden Paper Corp. and H. Wool & Sons contend that they are entitled to priority over all other parties since, as to Faden, its judgment was docketed prior to any of the others and, as to both, that their third party subpoenas were served prior to those of all others.
Bayuk Cigars, Inc., and Dutch Masters Cigar Company claim priority over the city because they served their third-party subpoenas prior to that of the city.
Borough Hall-Oxford Tobacco Corp. filed an affidavit in which they do not assert any priority for itself but simply ask that the priorities be determined. Petroleum Heat and Power Co., Inc., have filed no papers on this application.
Although Faden Paper Corp. docketed its judgment before the State and the city filed their warrants, this did not give it priority with respect to personal property of the judgment debtor. Any lien resulting from such docketing would create only a general lien against real property of the judgment debtor (Civ. Prac. Act, § 510, subd. 1, now CPLB 5203; Lanning v. Carpenter, 48 N. Y. 408, 412). Neither did the service by both Faden Paper Corp. and H. Wool & Sons of their third-party subpoenas, with a restraining order upon the Comptroller prior to service of such subpoenas by the State and the city, entitle them to a priority.
Under the authority of Matter of Wickwire Spencer Steel Co. v. Kemkit Scientific Corp. (292 N. Y. 139) the filing of a third-party subpoena in supplementary proceedings gave a judgment creditor the priority of a vigilant creditor and a lien upon the equitable assets of a judgment debtor. However, in this instance, the claim of the city was for sales and business taxes and that of the State was for unemployment insurance contributions which are “ taxes ” due to the State, all of which accrued and were payable before the third-party subpoenas were served upon the Comptroller by the private judgment creditors. In such case, both the city and State enjoy the common-law priority of the sovereign (Matter of City of New York v. Leibowitz, 5 Misc 2d 1033; Matter of City of New York v. V. I. K. Corp., 6 Misc 2d 884; Matter of Smith v. Meader Pen Corp., 255 App. Div. 397, affd. 280 N. Y. 554; Matter of Atlas Television Co., 273 N. Y. 51; *1040 Matter of Brown Print. Co., 285 N. Y. 47). It appears that the city also acquired a lien against the personal property of the judgment debtor by virtue of section B46-10.0 of the Administrative Code.
The unemployment insurance contributions were due' and payable to the State before the judgment of the Court of Claims was made which resulted in the fund on deposit. Under the authority of Capitol Distrs. Corp. v. Kent’s Rest. (173 Misc. 827) and Taylor v. State of New York (267 App. Div. 924) the claim of the State could be offset against the fund in the hands of the Comptroller before the fund is finally disbursed.
Under the circumstances herein, the State of New York and the City of New York are entitled to payment in full before the other judgment creditors.
The balance of the fund is payable to Faden Paper Corp. and H. Wool & Sons. Both of those judgment creditors served their third-party subpoenas upon the Comptroller before Bayuk Cigars, Inc., and Dutch Masters Cigar Co. and thereby obtained a prior lien upon the fund. As noted in the schedule above, neither Petroleum Heat & Power Co. Inc., nor Borough Hall-Oxford Tobacco Corp. served any third-party subpoenas and thus did not obtain any lien upon the fund (see Matter of Wickwire Spencer Steel Co. v. Kemkit Scientific Corp., supra).
It appears that the third-party subpoenas of Faden Paper Corp. and H. Wool & Sons were served on the same date and that both parties are represented by the same counsel. Under such circumstances, it is deemed that their liens against the fund came into being at the same time and, therefore, the balance of the fund, after payment to the State and the city, should be distributed to them proportionately.