Richard D. Simons, J.
This is a motion by the plaintiff to strike certain portions of the defendant’s answer and counterclaim under CPLR 3211 (subd. [b]).
It appears that, by the terms of an agreement entered into June 1, 1962, the plaintiff agreed to sell to the interpleaded defendant, WQSR, Inc., various business assets. The defendant, as a member of the law firm of Melvin & Melvin, represented the plaintiff as its attorney and performed various legal services in connection with the sale and other unrelated legal matters. Subsequently, on October 22, 1962, it was agreed between the plaintiff and WQSR, Inc. in a written escrow agreement that *317 the law firm of Melvin & Melvin, by defendant, would act as escrowee to hold certain papers, checks and notes of plaintiff and WQSR, Inc., subject to the happening of specified conditions and upon the happening of those conditions, deliver the same to the respective parties to consummate the sale. The documents of the escrow agreement were delivered to the defendant and are presently being held by him.
It is the contention of the plaintiff that all the conditions of the escrow agreement have been performed and satisfied. It now demands that the defendant deliver the escrowed property to it. The defendant interpleaded WQSR, Inc. and asks the court to permit him to deliver the property into court or to determine his responsibility in respect to disposition of it.
On January 29, 1963, before the commencement of this action, the plaintiff discharged defendant’s firm as attorneys but requested them to continue as escrow agent. Defendant’s law firm has not been paid anything for legal services or as escrow agent.
Defendant alleges in his answer that the law firm of Melvin & Melvin is entitled to an attorney’s retaining lien for services rendered plaintiff upon that part of the escrow property which it may be determined after trial belongs to plaintiff. That failing, defendant asks leave to plead over claiming that if upon the trial it is determined that plaintiff is entitled to the escrow property, that property should properly be delivered to Melvin & Melvin, as attorneys, and at that time a retaining lien on the property in their hands would arise. Defendant also claims to be entitled to a lien on the escrow property for costs and expenses of the escrow, including charges for legal services to defendant, as escrow agent, by the law firm of Melvin & Melvin in representing the escrow agent and defending this action.
Plaintiff moves to strike all portions of defendant’s answer and counterclaim which allege or purport to allege that defendant or the law firm of Melvin & Melvin has a lien upon the property in defendant’s possession as escrow agent under any circumstances.
It is established law that an attorney of one of the parties to a transaction may act as an escrowee upon the consent of both of the parties as long as his duties are not in conflict with his responsibilities as an attorney and he is able to discharge his obligations to both parties. (Falk v. Goodman, 14 Misc 2d 964, affd. 7 AD 2d 1014, revd. on other grounds 7 N Y 2d 87; Casolaro v. Blau, 4 Misc 2d 206.)
An attorney’s retaining lien attaches to papers, books and documents of his client that come into the attorney’s possession *318 professionally or in the course of his professional employment as an attorney. (3 N. Y. Jur., Attorney and Client, § 129.) The lien, if any, is a right possessed by the law firm and not the individual member of the firm since the defendant in all instances was acting as a member of his firm. (Bowling Green Sav. Bank v. Todd, 52 N. Y. 489.)
The subject matter of the escrow agreement came to Melvin & Melvin solely as escrow agent and not in any professional capacity as the attorneys for the plaintiff. The documents and checks were deposited with the attorneys pursuant to the escrow contract to hold as a custodian until the plaintiff had complied with certain enumerated conditions. The escrow agreement was entirely independent of any retainer. It makes no reference to the attorneys’ retainer or to any compensation or reimbursement for expenses of the escrow. Neither defendant nor his firm has a retaining lien upon the escrow property at this time even though it may be subsequently determined that the property rightfully belongs to plaintiff. (Henry v. Fowler, 3 Daly 199; Matter of City of New York v. Avenue U Serv. Center, 5 Misc 2d 795; Matter of Dawson, 110 Misc. 472.)
Furthermore, Melvin & Melvin cannot lawfully acquire a retaining lien in the future by delivery of the property to it by the escrow agent, if after trial it is determined to be plaintiff’s rightful property. An escrow agent’s authority is derived solely from the escrow agreement and a delivery of the property inconsistent with the terms of the agreement may constitute conversion for which an action will lie against the depository. (20 N. Y. Jur., Escrow, § 25.) The escrow agreement calls for delivery to the plaintiff upon its fulfilling specified conditions. While the authority of an attorney to receive on behalf of his client proceeds and papers incident to his client’s cause is well settled, that authority ceases with the termination of the attorney-client relationship. Any delivery of the escrow property to defendant or his firm after termination of their services would be contrary to the escrowee’s authority under the agreement. The property could not properly come into the hands of defendant or Melvin & Melvin as attorneys under any resolution of the issues in dispute.
An escrow agent has no lien upon the property to compensate him for services or expenses in connection with the escrow. His position is entirely different from one who by his labor enhances or protects the value of the property and thereby is entitled to a possessory lien either by statute or common law. The escrowee is only a custodian. He does nothing but hold the property. He is bound strictly by the terms of the escrow agreement and *319 may not pay attorneys’ fees or any creditors out of the escrowed property except as provided in the agreement. (Gershen v. Gershen, 6 A D 2d 862.) The agreement makes no mention of fees, services or the right to retain counsel or be reimbursed for expenses. (Cf. Heyward v. Maynard (119 App. Div. 66 where an attorney was held entitled to be paid out of the escrowed property because the parties had agreed to it.) Furthermore, Melvin & Melvin have no retaining lien on the escrow property for services performed for the escrow agent, because a retaining lien does not extend beyond the interest of the client in the particular property. (Neuwirth v. Melvin, 273 App. Div. 1026, mot. for lv. to app. den. 274 App. Div. 816.) The escrowee has no rights in the property that can become subject to an attorney’s lien.
The motion to strike out those portions of the defendant’s answer which allege and assert a retaining lien on behalf of the defendant and/or .the firm of Melvin & Melvin as attorneys, either by reason of services to plaintiff or as escrowee, is granted. Defendant’s application for leave to plead over is denied.