Benjamin Brenner, J.
This is an action in equity to compel payment of escrow funds.
The plaintiffs are the owners of houses who had sold a rear parcel subject to a purchase-money mortgage to the defendant Best Built Homes, a builder. By written agreement Best undertook to build a retaining wall to prevent drainage from the higher ground purchased by it. To secure this installation, Best’s attorney, the individual defendant, agreed to hold a fund in escrow, to be paid to plaintiffs in the event of Best’s default prior to March, 1967; it being further agreed that upon such default, plaintiffs would erect the wall with the use of the fund within a year following its receipt and return the unused portion thereof to the escrowee. After failure to timely erect the wall, but before the foreclosure sale of the parcel it purchased, Best leveled the higher ground in lieu of erecting the wall and its attorney declined to pay over the demanded escrow fund to plaintiffs.
The affirmative defenses based on a claimed oral modification of the written escrow agreement for leveling the ground as á substitute for the retaining wall were dismissed on trial, as I found that the claimed oral modification was pure fiction and incredible in light of defendants’ own evidence, particularly their correspondence on the subject. Indeed, it was my conviction that Best had unilaterally leveled the ground after the commencement of the foreclosure proceedings but before the auction sale, in order to avoid the expense of erecting the wall. In these circumstances, there is no present necessity to repeat the legal basis for allowing evidence of the oral modification over plaintiffs ’ objection.
A rather interesting third defense remains to be resolved. It is “ that plaintiffs having elected to foreclose the mortgage failed to demonstrate their acting in good faith and' should be *345 barred from recovery.” It was not clear, until the trial itself, that by this equitable defense, defendants did not assert bad faith merely because plaintiffs exercised their right to enforce the terms of the mortgage, but were claiming that by dint of plaintiffs’ failure to reserve the right of entry in the auction sale, both parties thereafter were incapable of erecting the wall. In the defendants’ view, though they had themselves already breached their agreement to produce the wall within the contractual period, and had failed to turn over the escrow money, the plaintiffs’ failure to preserve a right of entry for them to rectify that default or afford to plaintiffs the alternative opportunity to thereafter erect the wall in accord with plaintiffs’ undertaking to do so rendered the agreement impossible of performance by either and constituted bad faith.
In my opinion the defendants merely seek to benefit from their own wrongdoing and this they cannot do in a court of equity (Simon v. Etgen, 213 N. Y. 589, 595 [1915]; Kalman v. Kalman, 275 App. Div. 715 [2d Dept., 1949]; Matter of Hinna v. Board of Appeals, 11 Misc 2d 349, 352 [Sup. Ct., Nassau County, 1957]). Plaintiffs had no duty by virtue of the contract, or otherwise, to reserve for the defendants the right to physically enter following their default (Amies v. Wesnofske, 255 N. Y. 156,163 [1931]; Cobb v. Harmon, 23 N. Y. 148 [1861]; see, also, Restatement, Contracts, § 295, subd. [b]).
The obligation to erect the wall could have been timely fulfilled prior to the sale at auction and on default thereof, in March of 1967, the escrow fund became due and payable forthwith. The terms of the mortgage and subsequent foreclosure and sale for default of those terms are entirely unrelated and have no bearing whatever on the independent rights and obligations set out in the agreement for the placement of the retaining wall and the security provided by the escrow fund for such placement. No principle of equity known to me would permit of default of one agreement because of proper enforcement of another and unrelated agreement or right (Weiss v. Mayflower Doughnut Corp., 1 N Y 2d 310, 316 [1956]; National Distillers Corp. v. Seyopp Corp., 17 N Y 2d 12, 15, 16 [1966]) or excuse on the grounds of impossibility the performance of that which a contracting party has already failed to perform (Graf v. Hope Bldg. Corp., 254 N. Y. 1, 4 [1930]; cf. Noyes v. Anderson, 124 N. Y. 175,180 [1891]).
I find no provision in the agreement for the reservation of the right of entry, following possible default, and the defendants are in no position to call upon a court of equity to add to or to supply terms in the contract between the parties designed to relieve one of them of a default (Graf v. Hope Bldg. Corp., *346 supra; Ferlazzo v. Riley, 278 N. Y. 289 [1938]; Equitable Life Assur. Soc. v. Britton Realty Corp., 37 N. Y. S. 2d 85, affd. 266 App. Div. 952 [1st Dept., 1943]) or make possible a tardy performance to the injury of the other (Graf v. Hope Bldg. Corp., supra; Abrams v. Thompson, 251 N. Y. 79, 86 [1929]; cf. Noyes v. Clark, 7 Paige ch. 179, 180 [1838]). Indeed, in view of the leveling of the ground, it is clear that no erection of the wall after the auction sale was even contemplated by the defendants.
Nor may it be reasonably urged that plaintiffs, by their failure to preserve the right of entry at the auctiop sale, were thereby equitably estopped or breached their obligation to erect the wall within the year following their receipt of the escrow fund. That obligation, under the contract, could arise only when, as and if the defendants returned the escrow moneys, for the return of that money was made the condition precedent and sine qua non for plaintiffs’ obligation to erect the wall (Hershey v. Carter, 137 N. Y. S. 2d 207 [Sup. Ct., N. Y. County, 1954]).
Defendants have failed to prove on their affirmative case, as is their burden, that plaintiffs will find it impossible to procure the consent of the present owner to the building of the retaining wall (Lightfoot v. Davis, 198 N. Y. 261, 273 [1910]; Donnelly v. O’Rourke, 20 Misc 2d 159). Moreover, the defendants are not in position, equitably, to advance the hypothetical impossibility of plaintiffs’ future compliance, because of the altered conditions for the placement of the wall resulting from their unilateral leveling of the ground (Amies v. Wesnofske, 255 N. Y. 156, 163 [1931], supra; Gent v. Midtown Holdings Corp., 10 A D 2d 901 [4thDept., 1960]).
The defense, whether it be regarded as ‘ ‘ equitable estoppel, ’ ’ “ unclean hands,” “ bad faith,” or “ impossibility of performance, ’ ’ must fall and the plaintiffs granted judgment as prayed.