OPINION OF THE COURT
Seymour Schwartz, J.
On April 14, 1978, petitioner, as judgment creditor of Pecon Deli, Inc., moved this court for an order directing respondents, Lantner and Ouslander, attorneys for Pecon, to turn over to it $1,174.27 plus costs, interest and fees from a fund consisting of $1,300 and a series of 16 notes of $1,082 each held in escrow by them. The fund represents proceeds of the sale of Pecon Deli, Inc., to 89th and Second Avenue Deli, Inc., and is held by Lantner and Ouslander to insure payment to certain creditors of Pecon. On April 20, 1978 the motion was granted.
Respondents Lantner and Ouslander now move to reargue the determination of April 20, 1978 claiming that they will be placed in a position of double liability if the United States and the New York State Tax Commission, both of which claim prior tax liens against the fund and have intervened, are not allowed to be heard and participate in the motion. This motion to reargue is accordingly granted and on reargument the original decision is modified as follows:
Petitioner Rheingold Breweries, Inc., as judgment creditor of Pecon Deli, is afforded a preferred status over the United States as tax lienor, by operation of subdivision (a) of section 6323 of the Internal Revenue Code (US Code,, tit 26, § 6323, subd [a]) which excludes certain classes of competing creditors from operation of the first priority lien afforded the United States for unpaid taxes under section 6321 of the Internal Revenue Code (US Code, tit 26, § 6321). The United States concedes that petitioner has a prior right to the fund held by respondents Lantner and Ouslander to the extent of its judgment of $1,174.27.
As to any funds in excess of the amount necessary to pay the judgment creditor, "Congress intended to assert the Federal lien,” (United States v New Britain, 347 US 81, 88). Section 6323 of the Internal Revenue Code (US Code, tit 26, § 6323) therefore affords New York State, also a tax lienor on Pecon Deli, no preferred status. The applicable rule "first in *899 time is first in right” determines the priorities as between the United States and New York State to be:
Lienor Date of Effectiveness* Amount
U.S. June 20, 1977 $ 67.64
U.S. June 18, 1977 47.02
N.Y. Jan. 4, 1978 1,130.73
+N.Y. March 22, 1978 1,185.36
U.S. May 26, 1978 645.00
U.S. May 26, 1978 1,012.30
U.S. May 26, 1978 383.48
N.Y. May 31, 1978 4,197.02
N.Y. May 31, 1978 5,625.86
+N.Y. June 20, 1978 10,661.67
As between Rheingold and New York State Tax Commission, Rheingold’s claim as judgment creditor was not perfected until December 5, 1977 when it was levied on by the Marshal. The statute which confers on New York State the preferred status lien for unpaid sales tax when a purchaser fails to notify the commission within 10 days of a bulk sale of a business (Tax Law, § 1141, subd [c]) fails to mention as of what date or event the lien is to attach, but it is clear that it attached no later than 30 days after the August 31, 1977 sale, which took place without notice to the commission, or September 30, 1977. (Matter of City of New York v Leibowitz, 5 Misc 2d 1033.) Here three months passed from the time the New York State lien attached before petitioner perfected its lien. Subdivision (c) of section 1141 of the Tax Law therefore operates to give New York a first priority lien superior to the judgment creditor, but under the controlling Federal law (United States v Security Trust & Sav. Bank, 340 US 47) only to the extent of the judgment debt, i.e., $1,174.27 (United States v Buffalo Sav. Bank, 371 US 228; United States v New Britain, supra).
Accordingly, the limited fund shall be dispersed as follows: $1,174.27 to State Tax Commission in satisfaction of warrant docketed on January 4, 1978 for $1,130.73 and $43.54 in partial satisfaction of the $4,197.02 warrant docketed on May 31, 1978. Thereafter priority to the United States for the full *900 extent of its outstanding liens as outlined above, followed by State Tax Commission for the remainder of its unsatisfied liens and then to petitioner Rheingold Breweries, Inc.
The order of April 20, 1978 is further amended to include respondent 89th and Second Ave. Deli, Inc., within its purview.

 Effective date for United States lien: date of assessment (Internal Revenue Code, § 6321 [US Code, tit 26, § 6321]). Effective date for New York State Tax Commission: docketing of warrant.

 Service of tax collector’s levy upon respondent Ouslander.