OPINION OF THE COURT
Edward H. Lehner, J.
This proceeding raises the issue of whether a law firm may have an attorney’s lien on money deposited in an account of which it is coescrowee.
Petitioners seek to have their present counsel substituted in place and stead of the respondent as coescrowee of a certain fund, the approximate principal balance thereof being $30,000, now on deposit in a savings bank under the name of “Shea & Gould as escrow agent for landlord and tenants at 154-56 West 27th Street”. A member of the respondent law firm together with a member of the firm representing certain tenants are joint signátories on the account.
Harvey L. Strelzin was substituted as petitioners’ counsel in place of respondent in an action by eight loft tenants against petitioners pending in this court and in summary proceedings instituted by Mayeri Corporation against the same eight loft tenants pending in the Housing Part of the Civil Court. The subject escrow funds consist entirely of moneys deposited by the loft tenants, plus interest, less withdrawals made with the consent of the landlord and the tenants to pay for heating oil.
*735 The agreement with respect to the escrow fund is contained in a letter dated May 5, 1980 from the tenants’ attorney to respondent forwarding certain moneys representing payments for rent or use and occupancy from the tenants involved in the summary proceedings.
The letter states the following with respect to the operation of the escrow account:
“We have agreed that these funds will be held by us in an interest bearing account for the benefit of each of the several tenants as listed above. You and I will have joint signature power over the account.
“We have agreed that the funds will be disbursed promptly as to each or any of the several tenants in accordance with a decision and judgment entered in any of the landlord/tenant proceedings now pending in the Civil Court. We have agreed further that upon dismissal of any such proceeding, with or without prejudice, the amounts held for that tenant or tenants shall be promptly disbursed to the tenant.”
Respondent claims a statutory charging lien (Judiciary Law, § 475) and a common-law retaining lien on said fund for counsel fees and disbursements. By reason of such claim it has been refused to be substituted as escrow agent. Respondent has instituted a plenary action in this court against petitioners to recover $64,405 as the reasonable value of its services plus $5,090.30 for disbursements less $12,000 paid by petitioners, which action is awaiting trial.
RETAINING LIEN
The retaining lien, which is a common-law concept, attaches to all property, books, documents, moneys or securities that come into an attorney’s possession in the course of his professional employment. (Matter of Heinsheimer, 214 NY 361; Leviten v Sandbank, 291 NY 352.)
The question thus presented is whether the escrow funds and the bankbook relating thereto should be deemed coming into respondent’s possession in the course of its professional capacity.
In Entertainment & Amusements of Ohio v Barnes (49 Misc 2d 316) certain documents in connection with a sale of business assets were delivered in escrow to a law firm by *736 their client, to be held subject to the happening of certain conditions. The firm was subsequently discharged by the client but consented to continue to act as escrowee. The court held (p 318) that the firm had no retaining lien on the subject matter of the escrow agreement as such property came into their possession “solely as escrow agent” and “not in any professional capacity”. The firm was not to be compensated for acting as escrowee and the escrow agreement was found independent of any retainer. The court held that no retaining lien existed with respect to the escrowed property even though it might subsequently be determined that such property rightfully belonged to the former client.
In United States v J.H.W. & Gitlitz Deli & Bar (499 F Supp 1010,1015) an attorney represented the defendant in the sale of certain furniture and fixtures and under the sales agreement retained moneys under an escrow arrangement. Judge Weinfeld found that such funds were not received by the claimaint “in his capacity as an attorney” but rather “in his role as escrow agent” and that absent “specific authorization to draw upon the funds for the payment of legal services claimed to be due him, he was not entitled to a retaining lien on the fund.”
In Matter of Dawson (110 Misc 472, 474) it was held that a former attorney of an administrator of an estate does not have a retaining lien on assets of the estate that he received as his receipt thereof was “merely as a custodian.” (See, also, Matter of City of New York v Avenue U Serv. Center, 5 Misc 2d 795; Henry v Fowler, 3 Daly 199.)
Here, the bankbook and the escrow funds came into respondent’s possession as joint escrowee with the tenants’ attorney. As rent payments the funds could have been deposited with the clerk of the Civil Court but the parties apparently desired the greater flexibility of the joint escrow (evidenced in part by the subsequent withdrawal of moneys for the payment of fuel bills). Here, the person or persons who will be entitled to the fund awaits the determination of pending litigation. Thus, although the creation of the escrow was obviously closely related to the professional work being done by respondent, the funds were not delivered to them as attorney for their clients, but rather *737 as coescrowee. In such capacity there is nothing in the papers to indicate that they should be entitled to a possessory retaining lien with respect thereto.
CHARGING LIEN
The charging lien contained in section 475 of the Judiciary Law is declarative of the common law. (Marsano v State Bank of Albany, 27 AD2d 411.) The section reads as follows:
“Attorney’s lien in action, special or other proceeding
“From the commencement of an action, special or other proceeding in any court or before any state, municipal or federal department, except a department of labor, or the service of an answer containing a counterclaim, the attorney who appears for a party has a lien upon his client’s cause of action, claim or counterclaim, which attaches to a verdict, report, determination, decision, judgment or final order in his client’s favor, and the proceeds thereof in whatever hands they may come; and the lien cannot be affected by any settlement between the parties before or after judgment, final order or determination. The court upon the petition of the client or attorney may determine and enforce the lien.”
In the pending summary proceedings there has been no judgment or final order in petitioners’ favor nor any settlement. Thus, although respondent may have a lien on the claims set forth in the various summary proceedings, there is nothing in the statute that creates a lien on the moneys being held as coescrowee and respondent has cited no authority to the contrary.
Accordingly, petitioners’ application is granted and respondent shall be directed to execute the appropriate documents to permit petitioners’ new counsel to be substituted as coescrowee.