OPINION OF THE COURT
J. Raymond Amyot, J.
By written contract the plaintiff agreed to purchase all the assets used by the defendant in the operation of one of its retail department stores in Oswego, New York. The contract provided for a portion of the purchase price to be held in escrow by the attorneys representing the respective parties. At the closing Edward Rappaport and Edward M. Zachary were designated as escrow agents to receive and disburse $235,000 of the purchase price in accordance with terms and conditions defined in the escrow agreement.
Eight days after the closing this action, which alleges breach of contract and slander, was commenced seeking an accounting, money damages and injunctive relief. The defendant’s answer pleads a counterclaim for breach of contract and seeks money damages.
Nowhere, in either the complaint or the answer and counterclaim, is it alleged that the money held by the escrow agents is due and payable or that payment has been demanded and refused. Nevertheless, the plaintiff, in the complaint, and the defendant, in the counterclaim, demand *851 judgment compelling the other to cause the escrow agents to release certain of the escrow funds.
Now before the court is the defendant’s motion brought on by an order to show cause for “an Order * * * directing edward rappaport, a joint escrow agent with edward m. zachary, to release certain funds in a certain escrow account”.
CPLR 103 (subd [b]) provides that “[a]ll civil judicial proceedings shall be prosecuted in the form of an action, except where prosecution in the form of a special proceeding is authorized.” No special proceeding for the relief sought by the instant motion is authorized. (See McLaughlin, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C400:2, pp 474-475; C400:3, pp 475-476; 1 Weinstein-Korn-Miller, NY Civ Prac, par 401.03.) Neither Edward Rappaport nor Edward M. Zachary is a party to the underlying action. The court has no jurisdiction over them in the context of the pending action. So far as appears, no independent action or third-party action seeking release of the funds has been commenced against them, or either of them. The order to show cause by which the instant motion is brought provides for service by certified mail upon “Plaintiff’s attorney”. Such service does not confer jurisdiction over the escrow agent, Edward Rappaport, even if he is also the plaintiff’s attorney. In those separate capacities he has separate identities and service on him as plaintiff’s attorney brings only the plaintiff into court to show cause why the relief prayed for on the motion should not be granted.
Without jurisdiction over the escrow agent no relief against him can be granted even if the motion could be converted to an action or special proceeding under CPLR 103 (subd [c]). (See 1 Weinstein-Korn-Miller, NY Civ Prac, par 103.08.)
If under the omnibus demand for “such other and further relief as may be just” the defendant’s motion were to be considered as an application for partial summary judgment pursuant to CPLR 3212 (subd [e]), it would be denied on the basis of the questions of fact which are unresolved by the affidavits and exhibits submitted.
*852 Independent relief against nonparties to an action is not available by way of a motion which does not confer jurisdiction over the nonparties. Generally, a motion is merely a procedural step within an action or special proceeding. It is not an appropriate vehicle for relief other than the remedy sought in the underlying action or special proceeding. (See 1 Weinstein-Korn-Miller, NY Civ Prac, par 103.06; 2A Weinstein-Korn-Miller, NY Civ Prac, par 2211.02.) Here both the complaint and the counterclaim pray for performance by the parties. The motion seeks to compel performance by a nonparty. It cannot be done.
The motion is denied.