■ PIK RECORD Co., Respondent, v CHARLES ECKSTEIN, Respondent. MURRAY SEEMAN, Appellant. [640 NYS2d 49] —Order, Supreme Court, Appellate Term, First Department, entered June 3, 1994, which affirmed an order of Civil Court, New York County (Peter Wendt, J.), entered October 9, 1992, denying appellant escrowee's motion to vacate a prior order of the Civil Court directing him to turn over to petitioner landlord all escrow money he holds on respondent tenant's behalf, unanimously affirmed, without costs.

Although the Civil Court had no jurisdiction over appellant escrowee, respondent tenant's former attorney, at the time it directed him to turn over the rent money that the tenant had deposited with him during the pendency of the Division of Housing and Community Renewal rent overcharge proceeding (*Kaplan v Kaplan*, 94 AD2d 788; *Matter of Stuberfield*, 284 App Div 989; *Argersinger's Dept. Store v Shapiro Bros. Co.*, 115 Misc 2d 850), appellant waived this jurisdictional challenge when he voluntarily turned over the money to the landlord's attorney and appeared in this nonpayment proceeding seeking affirmative relief.

Appellant is not entitled to any part of the escrow funds since neither a common-law retaining lien nor statutory charging lien attached to the money given to him for the payment of rent (*see, Matter of Hollins*, 197 NY 361, 364; *Mayeri Corp. v Shea & Gould*, 112 Misc 2d 734). Although appellant had previously obtained a recovery for his client in the overcharge proceedings, and was contractually entitled to a contingency fee, the rent money in escrow was not the proceeds of a determination in the client's favor (*see, Surdam v Marine Midland*

*Bank*, 198 AD2d 578). Concur—Rosenberger, J. P., Wallach, Kupferman, Nardelli and Williams, JJ.