OPINION OF THE COURT
Memorandum.
*28 Order unanimously reversed without costs and occupant’s motion denied without prejudice to occupant seeking relief in a proper forum.
Pursuant to a stipulation settling this RPAPL 713 (11) summary proceeding, landlord deposited $7,600 into escrow with its attorney. The stipulation stated that occupant was entitled to the $7,600 “provided [he] vacates freely and voluntarily by January 14, 2004, leaves apt. broom clean, removes all personalty and leaves no occupants or persons claiming possession thereof and causes no damage to apt. other than ordinary wear and tear.” The stipulation also provided that occupant would notify landlord of his intention to vacate at least 24 hours before he vacated so that landlord’s agent could inspect and, upon occupant’s return of the key to landlord’s agent, the agent was to give him a receipt to give to landlord’s attorney. In addition, the stipulation provided that the court would retain jurisdiction over “the res of the escrow” to resolve any disputes as to the entitlement thereto. Upon the instant motion, occupant seeks, in effect, to enforce the stipulation, claiming that he did not give landlord the key because landlord refused to give him a receipt. Landlord opposes the motion, asserting that occupant failed to comply with the stipulation. After oral argument, the housing court found, without having heard any sworn testimony, that occupant had made “every effort” to return the key to landlord, and directed landlord’s attorney to release the funds held in escrow to occupant.
“Except for proceedings for the enforcement of housing standards (CCA 110 [a] [4]; 203 [o]) and applications for certain provisional remedies (CCA 209 [b]), the New York City Civil Court may not grant injunctive relief’ (Broome Realty Assoc. v Sek Wing Eng, 182 Misc 2d 917, 918 [App Term, 1st Dept 1999]; see Lencal Realty Corp. v Benn, 1 Misc 3d 134[A], 2003 NY Slip Op 51640[U] [App Term, 2d & 11th Jud Dists 2003]). Inasmuch as the order directing landlord’s attorney to release the funds being held in escrow was equitable and injunctive in nature (Stanton v Miller, 58 NY 192, 200 [1874]; Iervolino v Best Built Homes Holding Corp., 56 Misc 2d 343 [1968]; 55 NY Jur 2d, Escrows § 40; see Wren Props. of Nassau v Taveras, NYLJ, Oct. 4, 1999, at 32, col 3 [App Term, 2d & 11th Jud Dists]) and not within the limited equitable and injunctive powers of the Civil Court (Goldstein v Stephens, 118 Misc 2d 614 [App Term, 1st Dept 1983]; see North Waterside Redevelopment Co. v Febbraro, 256 AD2d 261 [1st Dept 1998]; Bennigan’s of N.Y. v Great Neck *29 Plaza, 223 AD2d 615 [2d Dept 1996]; 19 W. 45th St. Realty Co. v Doram Elec. Corp., 233 AD2d 184 [1st Dept 1996]; Parker v Rich, 140 AD2d 177 [1st Dept 1988]; Matter of Hellman v Ploss, 46 AD2d 658 [2d Dept 1974]; Hotel New Yorker Pharm. v New Yorker Hotel Corp., 40 AD2d 967 [1st Dept 1972]; 1 CarmodyWait 2d § 2:161; but see PIK Record Co. v Eckstein, 226 AD2d 122 [1st Dept 1996] [allowing the relief without discussing the issue of subject matter jurisdiction]; Future 40th St. Realty v Mirage Night Club, 2002 NY Slip Op 50243[U] [App Term, 1st Dept 2002] [same]), the order was not within the jurisdiction of the court to make. Occupant is therefore limited to seeking to enforce the stipulation in the Supreme Court, which has equitable jurisdiction, or instituting an action in Civil Court or Supreme Court seeking money damages for breach of the stipulation (e.g. Takayama v Schaefer, 240 AD2d 21 [2d Dept 1998], revg on other grounds NYLJ, July 11, 1996, at 29, col 1 [App Term, 2d & 11th Jud Dists]; see generally 105 NY Jur 2d, Trial § 262).
We incidentally note that it was error for the housing court to determine disputed issues of fact without holding a hearing.
Pesce, EJ., Patterson and Belen, JJ., concur.