Home Heating Oil Corp., Appellant,
against
David Jenkins, Respondent.




Law Office of Daniel Sully (Daniel E. Sully of counsel), for appellant.
David Jenkins, respondent pro se (no brief filed).

Appeal from an order of the Civil Court of the City of New York, Kings County (Harriet L. Thompson, J.), entered October 2, 2017. The order implicitly granted defendant's motion, in effect, to vacate a stipulation of settlement and a judgment of that court entered August 18, 2015 pursuant thereto, directed defendant to pay plaintiff the sum of $1,600 by October 6, 2017, and directed plaintiff, upon plaintiff's receipt of payment, to provide defendant with a satisfaction of judgment and to vacate a lis pendens.




ORDERED that the order is reversed, without costs, and defendant's motion, in effect, to vacate the stipulation of settlement and the judgment entered August 18, 2015 is denied.
In this action to recover the principal sum of $4,250.72 for the sale and delivery of home heating oil, the parties entered into a stipulation of settlement wherein it was agreed that defendant would pay plaintiff $2,500, in monthly installments of $100 over a 25-month period, in full satisfaction of the amount owed to plaintiff. In addition, the stipulation of settlement provided that, upon a default in payment, plaintiff could enter judgment against defendant in the sum of $4,250.72, plus interest, less any payments that may have been made pursuant to the stipulation. After defendant had paid plaintiff $1,400, he ceased making any further payments due under the stipulation of settlement, and a judgment in the sum of $3,396.89 was entered against him on August 18, 2015. 
Thereafter, defendant moved, in effect, to vacate the stipulation of settlement and the [*2]judgment. In support of the motion, defendant asserted that, after he had paid plaintiff $1,400, he was unable to pay the monthly payments due under the stipulation of settlement. However, he was seeking to have the judgment vacated since it was three times the amount he owed under the stipulation of settlement. In opposition to the motion, plaintiff's attorney argued that defendant had not established sufficient grounds to vacate the stipulation of settlement. By order entered October 2, 2017, the Civil Court implicitly granted defendant's motion, directed defendant to pay plaintiff the sum of $1,600 by October 6, 2017 and directed plaintiff, upon receipt thereof, to provide defendant with a satisfaction of judgment and to vacate a lis pendens.
It is well settled that stipulations of settlement are judicially favored and will not easily be set aside (see Hallock v State of New York, 64 NY2d 224 [1984]; Matter of Frutiger, 29 NY2d 143 [1971]). While stipulations of settlement may be vacated on grounds sufficient to set aside a contract, such as fraud, mistake, collusion or accident (see Nash v Yablon-Nash, 61 AD3d 832 [2009]), a party should not be relieved from the consequences of a stipulation absent a sufficient showing of one of these grounds (see Cavalry Portfolio Servs., LLC v Williams, 38 Misc 3d 138[A], 2013 NY Slip Op 50184[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2013]). Since defendant failed to demonstrate any of these grounds, or that the stipulation of settlement had been entered into "inadvertently, unadvisably or improvidently" (Matter of Frutiger, 29 NY2d at 150; see 443—445 Jefferson Ave., LLC v Severin, 55 Misc 3d 140[A], 2017 NY Slip Op 50565[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2017]), defendant's motion should have been denied.
We note that "[e]xcept for proceedings for the enforcement of housing standards (CCA 110 [a] [4]; 203 [o]) and applications for certain provisional remedies (CCA 209 [b]), the New York City Civil Court may not grant injunctive relief" (Topaz Realty Corp. v Morales, 9 Misc 3d 27, 28 [App Term, 2d Dept, 2d, and 11th Jud Dists 2005] [internal quotation marks omitted], quoting Broome Realty Assoc. v Sek Wing Eng, 182 Misc 2d 917, 918 [App Term, 1st Dept 1999]; see NY Const art VI, §§ 16 [d]; 17 [a]; Yaakov v Kupershalayak, 17 Misc 3d 129[A], 2007 NY Slip Op 51968[U] [App Term, 2d Dept, 2d & 11th Jud Dists 2007]; Lencal Realty Corp. v Benn, 1 Misc 3d 134[A], 2003 NY Slip Op 51640[U] [App Term, 2d Dept, 2d & 11th Jud Dists 2003]). Here, so much of the order as directed defendant to pay plaintiff the sum of $1,600 to satisfy the judgment entered against him and directed plaintiff, upon receipt of that payment, to provide a satisfaction of the judgment to defendant and to vacate the lis pendens is injunctive in nature and, therefore, is not within the limited injunctive powers of the Civil Court (see NY Const art VI, §§ 16 [d]; 17 [a]; Yaakov v Kupershalayak, 17 Misc 3d 129[A], 2007 NY Slip Op 51968[U], *2; Topaz Realty Corp. v Morales, 9 Misc 3d 27). 
Accordingly, the order is reversed and defendant's motion, in effect, to vacate the stipulation of settlement and the judgment entered August 18, 2015 is denied.
WESTON, J.P., ALIOTTA and ELLIOT, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: October 12, 2018