THE PEOPLE OF THE STATE OF NEW YORK, Appellant, *v.* C. & W. CONSTRUCTION CO., INC., and CONTINENTAL CASUALTY COMPANY, Respondents.

Third Department, January 11, 1939.

*John J. Bennett, Jr.*, Attorney-General [*Hugh Reilly*, Assistant Attorney-General, of counsel], for the appellant.

*I. J. Beaudrias*, for the respondent C. & W. Construction Co., Inc.

*McCormick & Eckel* [*Andrew Eckel* of counsel], for the respondent Continental Casualty Company.

PER CURIAM. Appeal by plaintiff, The People of the State of New York, from a judgment entered on a jury's verdict of no cause of action. The action was commenced by the State to recover damages claimed to have arisen through the abandonment by defendant C. & W. Construction Co., Inc., of a contract to construct the Drink Hall at Saratoga Springs. The construction company claims that a balance is due it from the State. However, under our statutes it may not counterclaim therefor in the action brought by the State, but must seek its remedy in the Court of Claims. Thus, in reviewing this judgment, we may only consider the right of the State to recover.

Two issues were litigated: Whether the defendant contractor was justified in abandoning the work on or about October 31, 1934; and whether or not the cost of completing the contract thereafter exceeded the unpaid balance in the hands of the State.

The contract was entered into August 15, 1932, and bound the State to pay, considering additions and subtractions, $574,624.64 for the building. Including a payment of $8,350 certified by the State's assistant superintendent of construction on the 13th day of September, 1934, there had been paid $464,200, leaving a balance of $110,424.64. There was indorsed upon this certificate of the assistant superintendent the following statement: " 87.7% of this contract is completed." After this payment was made, the State had in its possession for the completion of this contract $110,424.64. This included $39,969.72 " retained percentage." On October 5, 1934, the contractor presented its monthly estimate to the State, indicating that after deducting the amount to be held by the State as retained percentage, it was entitled to a payment slightly in excess of $10,000 for work done during the month of September. The State's representatives refused to make any payment for work done during the month of September and rejected the estimate. The jury, after being charged correctly as to the law, by its verdict found that the contractor had not breached, but that the State had breached the contract by refusing to pay to the defendant any part of the estimate. Proof was given by the construction company that more than two and three-tenths per cent of the total amount of the contract had been performed during the month of September which, added to that certified by the official of the State in connection with the August estimate, approved on September thirteenth, made the entire contract more than ninety per cent completed.

The contract was readvertised and relet to Louis Keil for $175,300. The State admitted that there was $110,424.64 uncertified balance under the C. & W. contract; and computed total expenditures in completing the work, including the amount paid under the Keil contract, at $190,569.78, and sought judgment against the defendant for $80,145.14.

The State now claims error in connection with the rule as to the measure of damages adopted by the court. The complaint was framed upon the theory that the amount paid under the Keil contract, together with extras for heating, etc., was the proper measure. By an amendment this was changed to a demand for the fair and reasonable value of the labor and material necessary for the completion of the C. & W. Construction Co. contract. The Keil contract price and the items of labor performed and material furnished thereunder were proven as bearing on fair and reasonable value. The rule as charged by the court, to which no exception was taken, appears from the following excerpt: " Now was that Keil contract reasonable under the circumstances or was

it excessive? There were several items which the evidence dealt with. There was limestone, glass, steel, plaster, marble, suspended ceilings, cabinet work and others. What was the reasonable value of the work and material unfinished? The funds left in the contract was this sum I have stated to you, $110,428.42. Was that enough to finish and to pay the necessary expenses? That is for you to determine. If it was enough to finish according to the contract, and pay the necessary expenses, then the plaintiff has no claim here, and your verdict, as already suggested, must be no cause of action."

No good purpose would be served by a discussion of the claims made by the respective parties, item by item. The record and printed exhibits are in two volumes with a total of nearly 1,200 pages. There is no error of law which requires reversal and there is evidence to sustain the verdict.

The judgment should be affirmed, with costs.

HILL, P. J., RHODES, McNAMEE, BLISS and HEFFERNAN, JJ., concur.

Judgment affirmed, with costs.