Arthur C. Aulisi, J.
This is an action for an injunction to enforce the water pollution abatement order of plaintiff’s predecessor, dated September 18, 1967, and the provisions of article *342 12 of the Public Health (“ Water Pollution Control Law ”), and to recover the statutory penalties pursuant to section 1250 of the Public Health Law for defendant’s alleged violation of said abatement order, and the provisions of article 12 of the Public Health Law.
Plaintiff now moves to dismiss, pursuant to CPLR 3211 (subds. [a], [b]), the ‘ ‘ First, Separate and Distinct Complete Defense and Counterclaim ” contained in paragraphs numbered “ 5 ”, “ 6 ” and “ 7 ” of defendant’s answer.
Clearly, the alleged defense set forth in paragraphs “ 5 ” and “ 6 ” of the answer and the alleged counterclaim, contained in paragraph “ 7th ” thereof, are without merit and are not valid legal defenses as a matter of law. The Water Pollution Control Law (Public Health Law, art. 12) constitutes a valid exercise of the police power designed to safeguard the public health and safety. Enforcement of the statute and of said order of the State Commissioner of Health, dated September 18, 1967, promulgated pursuant thereto, does not constitute a denial of due process or equal protection of laws under the United States Constitution and the New York State Constitution.
It is now well established that “ The abatement and prevention of water pollution is a matter of state concern, and legislation designed to regulate and control such pollution is within the scope of the state’s police power ”. (Matter of City of Utica v. Water Pollution Control Bd., 5 N Y 2d 164, 168.)
The principle underlining the declaration of policy (§ 1200) and the statement of purpose (§ 1201) of the Public Health Law were reaffirmed in Matter of Town of Waterford v. Water Pollution Control (5 N Y 2d 171).
In the recent decision of Oriental Blvd. Co. v. Heller (27 N Y 2d 212, 221) it was held that the fact that financial hardship may result if construction of pollution abatement facilities is required does not affect the constitutionality of the statute. (See, also, Matter of City of Johnstown v. Water Pollution Control Bd.. 12 A D 2d 218, 220.)
Similarly, the counterclaim contained in defendant’s paragraph “ 7 ” of its answer is equally untenable and without merit as a matter of law. This court does not have jurisdiction of the subject matter of the cause of action contained in the counterclaim and, further, said counterclaim fails to state a cause of action. (CPLR 3211, subd. [a], pars. 2, 6 and 7; Court of Claims Act, § 9.) The law was concisely summarized in Nicholoulias v. Regent Rest. (175 Misc. 526, 527) where Justice Bergan, now an Associate Judge of the Court of Appeals, stated:
*343 ‘ ‘ The principle of law that the sovereign’s immunity from suits without its consent extends to its public officers in any action to enforce an obligation of the sovereign is too well integrated in the law of this State to admit deviation. * * * The irhirmnity extends even to a counterclaim in an action maintained by the State * * * and to a controversy submitted by the State which might result in a judgment against it. * * * A legislative permission must be strictly followed” (citing various cases). Moreover, the counterclaim alleges no facts and, therefore, does not, as a matter of law, state a cause of action. (Foley v. D’Agostino 21 A D 2d 60.)
Plaintiff’s motion to dismiss defendant’s first, separate and distinct complete defense and counterclaim is hereby granted, in all .respects, and the defense and counterclaim are hereby stricken from the answer.