■ ARROW BUILDERS SUPPLY CORP., Appellant, v. PUBLIC SERVICE MUTUAL INSURANCE COMPANY, Respondent.— Order, Supreme Court, New York County, entered on July 9, 1971, denying motion for partial summary judgment to the plaintiff on the fourth cause of action, unanimously modified, on the law, and summary judgment granted in favor of defendant dismissing the fourth cause of action, and otherwise affirmed. Respondent shall recover of appellant $50 costs and disbursements of this appeal. The action is on a liability policy covering operations of the plaintiff. The policy excludes damage to property in the care, custody or control of the plaintiff. In the process of unloading a scow owned by Hutton Company containing a cargo of bricks, it was necessary to

move the scow to complete the unloading. In said process undertaken by the plaintiff, there was a collision with a passing tug flotilla. The scow was under the control of the plaintiff. Hutton Company sued plaintiff in the United States District Court for the Southern District to recover damages for the sinking of Hutton's scow. The District Court found in favor of Hutton against plaintiff holding that the scow was under plaintiff's control throughout the movement and that plaintiff performed the movement negligently. Plaintiff then brought this action against defendant-respondent to recover the damages paid to Hutton for the scow. The judgment in the Federal court decided the issue of control and Arrow may not in this action seek to relitigate that issue and obtain a contrary result. (See *International Derricks & Equip. Co.* v. *Buxbaum,* 240 F. 2d 536.) See, also, *Schwartz* v. *Public Administrator of County of Bronx* (24 N Y 2d 65); *B. R. DeWitt, Inc.* v. *Hall* (19 N Y 2d 141), and *Cummings* v. *Dresher* (18 N Y 2d 105) holding that a party who has had a full opportunity to litigate a particular issue cannot reasonably demand a second hearing. Moreover, the plaintiff was in control of the scow within the meaning of the exclusion clause of the policy. (*Hardware Mut. Cas. Co.* v. *Mason-Moore-Tracy,* 194 F. 2d 173.) There, a similar policy was involved. The insured using an elevator to move machinery was in control of the elevator. The exclusion clause precluded recovery for damage resulting from the use of property in the control of the insured. The insurer was relieved of liability under the policy. The defendant's opposing affidavit requested the court at Special Term to grant defendant summary judgment pursuant to CPLR 3212 (subd. [b]). This request was not passed upon by the lower court. Even where the opposing party does not request summary judgment, the court in its discretion may nevertheless grant the relief if the opposing party is entitled to the relief as a matter of law. (*Klein* v. *Compania Azucarera,* 28 A D 2d 142, 145; *Jelinek* v. *City of New York,* 25 A D 2d 425.) Concur — Stevens, P. J., McGivern, Markewich, Kupferman and McNally, JJ.