In the Matter of the Accounting of the Bank of New York, as Trustee of Discretionary Common Trust Fund " E ", Respondent-Appellant.

M. James Spitzer, as Guardian ad Litem and as Attorney for Persons Interested in Principal of Discretionary Common Trust Fund " E ", Appellant-Respondent.

Wirth H. Koenig, as Guardian ad Litem and as Attorney for Persons Interested in Income of Discretionary Common Trust Fund " E ", Respondent.

First Department, December 6, 1973.

*Thomas B. Fenlon* of counsel (*Carlton R. Asher, Jr.,* with him on the brief; *Emmett, Marvin & Martin,* attorneys), for respondent-appellant.

*M. James Spitzer* (*Ronald J. Offenkrantz* with him on the brief), guardian ad litem and attorney for persons interested in principal of Discretionary Common Trust Fund "E" of the Bank of New York, appellant-respondent in person.

*Wirth H. Koenig* (*Barron M. Tenny* with him on the brief), guardian ad litem and attorney for persons interested in income of Discretionary Common Trust Fund "E" of the Bank of New York, respondent in person.

NUNEZ, J. Petitioner, a trustee of a discretionary common trust fund, brought this proceeding to settle the intermediate account of its proceedings for the period from September 30, 1964 through September 30, 1968. Under section 100-c of the Banking Law, trustees of discretionary common trust funds are required to render intermediate accountings at four-year intervals. The guardian ad litem for principal interests, appointed pursuant to subdivision 2 of section 100-c of the Banking Law, interposed objections to petitioner's account in respect of four investments on which losses were sustained during the accounting period.

The Surrogate granted in part petitioner's motion for summary judgment and dismissed two of the guardian's objections. He denied summary judgment as to the objections to two investments in the common stock of Parke, Davis & Company and the Boeing Company, which resulted in losses of $45,692.79, holding that a final ruling on those objections should await trial. He denied the guardian's cross motion for summary

judgment. It should be noted that very many security changes were made by the trustee during the four-year accounting period in the handling of the common trust fund aggregating almost $11 million. The total losses of which the $45,000 were a part, amounted to $238,000, and the total gains during the same period in this discretionary fund were approximately $1,700,000. Thus, the trusteeship has resulted in a vast aggrandizement of the estate. Such a good stewardship is to be commended. (*Matter of White,* 38 A D 2d 259.)

The record contains extensive verbatim quotations from examinations of several employees of the trustee, analysts' reports and statements of ultimate actions taken by the trustee's Trust Investment Committee, and other exhibits. In essence, the guardian contends that on the facts which the trustee had considered, it should have concluded against the purchase of the Parke, Davis and Boeing stocks.

The facts, concededly, were not in the guardian's control. But, as noted, he conducted extensive and searching examinations of petitioner's employees who were involved in the questioned investments. A party cannot defeat a motion for summary judgment without laying bare his proof in evidentiary form (*Koppers Co.* v. *Empire Bituminous Prods.,* 35 A D 2d 906; *Di Sabato* v. *Soffes,* 9 A D 2d 297, 301) and since the matter is before us on such a motion, it is presumed that the record now contains all the available evidence, obviating the necessity of further hearings. (*Georgia-Pacific Corp.* v. *Fort Pit Supply,* 34 A D 2d 742.) The guardian's proof is insufficient factually to defeat the motion for summary judgment. We have carefully examined the claimed material triable issues urged in the learned guardian's brief and conclude that, accepting the truth of the facts alleged, there is no valid basis to sustain a surcharge. We see no useful purpose to subject this trust fund to the considerable added expense which a full-blown trial would entail. There is no showing in this record that the trustee failed to exercise the prudent and reasonable discretion to which the trust beneficiaries were entitled. Subdivision 3 of section 100-c of the Banking Law provides: " A trust company maintaining a discretionary common trust fund may invest the same in such investments as it may select in its discretion."

The guardian has not shown that the trustee's investment decisions were not prudent at the time they were made. Nor has he shown that losses resulted from imprudence or negligence. No surcharge can result from mere errors of judgment.

The extent of the duty of the trustee was to act in good faith and to exercise such care and diligence as prudent men of discretion and intelligence would employ in like matters in their own affairs. (See *Matter of Cowles,* 22 A D 2d 365, 376; *Costello v. Costello,* 209 N. Y. 252, 261; *Matter of Clark,* 257 N. Y. 132, 136.) The common stock of these two companies, Parke, Davis and Boeing, both well-known large enterprises listed on the New York Stock Exchange, like that of any other company, might increase or decrease in value. The trustee would not be expected to look into the future and to foresee that these stocks would decline in value. '' The law does not, of course, demand prescience of trustees; they are not required to foresee the future of investments in this or that particular enterprise '' (*Matter of Hubbell,* 302 N. Y. 246, 257).

The purport of the evidence is merely that the trustee was mistaken in its judgment concerning the purchase and retention of the Parke, Davis and Boeing investments. But fallibility in matters of business judgment is not a standard for liability. Since in our judgment, the trustee may not be surcharged, further litigation will only result in a needless erosion of the estate.

Order entered in the Surrogate's Court, New York County on March 19, 1973 (MIDONICK, S.) should be modified on the law so as to grant summary judgment dismissing the objections of the guardian ad litem pertaining to the shares of common stock of Parke, Davis & Company and of the Boeing Company on the merits, and otherwise affirmed with costs and disbursements to all parties filing briefs payable out of the trust fund.

MARKEWICH, J. (dissenting). I do not agree with the premise of the majority that, simply because there was some aggrandizement of the trust estate — actually comparatively small, not '' vast '' — during the trustee's stewardship, it was a '' good stewardship '' and '' is to be commended.'' From the description in the papers of the method, or lack thereof, of fulfillment of the trustee's duty, it might with equal efficiency have been carried out, as put in the argument, by the doorman on duty. Whatever accretion there was to the trust might just as well be credited to a generally rising market as to a claimed watchful and prudent management; one shudders to envision what could have happened in a period of decline. The Surrogate was only partially correct in ruling that some of the objections made by the guardian should be tried out. All should come under the scrutiny of the examination and cross-examination of the trial

process and I believe therefore that we should reverse, deny summary judgment outright, and direct trial of the issues.

McGIVERN and TILZER, JJ., concur with NUNEZ, J.; MARKEWICH, J., dissents in an opinion in which STEVENS, P. J., concurs.

Order, Surrogate's Court, New York County, entered on March 19, 1973, modified, on the law, so as to grant summary judgment dismissing the objections of the guardian ad litem pertaining to the shares of common stock of Parke, Davis & Company and of the Boeing Company on the merits, and otherwise affirmed with $60 costs and disbursements payable out of the trust fund to all parties appearing separately and filing separate briefs.