■ VIDEO TECHNIQUES, INC., Respondent, v TELEPROMPTER CORPORATION, Appellant.—Judgment, Supreme Court, New York County, entered February 8, 1977, granting partial summary judgment to plaintiff in the principal sum of $14,630.50, with interest and costs, making a total of $18,333, execution on which was stayed to the extent of $11,200, is unanimously modified, on the law, to the extent that the judgment in favor of plaintiff is reduced to the principal sum of $13,630.50, with interest and costs, and that summary judgment is also granted in plaintiff's favor dismissing the first counterclaim, and the stay of execution of the judgment is vacated, and the judgment is otherwise affirmed. Respondent shall recover of appellant $60 costs and disbursements of this appeal. Plaintiff's papers present well-documented contract claims totaling $14,630.50 on all the causes of action in the complaint, except the fourth for an accounting which has been severed. The opposition consists essentially of an affidavit of an attorney without personal knowledge of the facts stating that the only two persons that do have personal knowledge of the facts are no longer in the employ of the defendant and that plaintiff has been advised that these former employees reside respectively in Westchester and in Texas. The action was begun in September, 1973. The notice of motion for summary judgment was served in April, 1976. There is no showing that defendant has made any effort to obtain an affidavit from either of its former employees or to take their deposition. Nor is there any indication that there is any defense that these employees know about. Thus defendant has wholly failed to comply with the obligation of a party opposing a motion for summary judgment to lay bare its proof in evidentiary form. *(Matter of Bank of N. Y.,* 43 AD2d 105, 107, affd 35 NY2d 512; *Di Sabato v Soffes,* 9 AD2d 297, 301.) Plaintiff was thus properly granted summary judgment on the first through third and fifth through eighth causes of actions in the complaint. Special Term stayed execution on the judgment to the extent of $11,200 because two counterclaims were alleged in the answer totaling this amount. The first counterclaim, however, suffers from the same defects as the defendant's defense to the complaint. Again plaintiff demonstrates the utter invalidity of the first counterclaim, and again defendant makes no evidentiary showing sufficient to raise a triable issue of fact as to that counterclaim. Accordingly, plaintiff was entitled at Special Term to summary judgment dismissing the first counterclaim. Special Term did not grant this relief. Plaintiff has not appealed. But on appeal from a summary judgment order, this court may grant summary judgment even in favor of the nonappealing party. *(De Rosa v Slattery Contr. Co.,* 14 AD2d 278, 280-281, affd on opn of App Div 12 NY2d 735; *Silberzweig v New York Prop. Ins. Underwriting Assn.,* 59 AD2d 737; *Peoples Sav. Bank of Yonkers, N. Y. v County Dollar Corp.,* 43 AD2d 327, 334, affd on opn of App Div 35 NY2d 836.) Accordingly, we grant summary judgment to plaintiff dismissing the first counterclaim. The second counterclaim is for $1,000 and the moving affidavit of plaintiff's president concedes that defendant is entitled on that counterclaim to a setoff of $1,000. We allow that setoff against the amount awarded on the complaint, reducing plaintiff's judgment accordingly. With the disposition of the counterclaims, there is no further occasion for a stay of execution. Settle order on notice. Concur—Murphy, P. J., Lupiano, Silverman and Lynch, JJ.