OPINION OF THE COURT

Per Curiam.

Order dated September 19, 1977 (Nardelli, J.) modified, to the extent of dismissing defendant’s counterclaims, and re *830 versing so much of the order appealed from as denied defendant’s motion for summary judgment dismissing the plaintiff’s complaint, and as so modified, affirmed, without costs; and defendant’s motion for summary judgment dismissing the complaint is granted.
The instant action is one by the plaintiff State of New York, Department of Mental Hygiene, to recover the sum of $1,850 (although the complaint seeks recovery of $1,850, the record reflects plaintiff’s claim to be actually $1,550) purportedly due pursuant to section 43.03 of the Mental Hygiene Law (and its predecessor statute section 24 of the Mental Hygiene Law) from the defendant Murray B. Schneps. The recovery sought by the plaintiff represents certain costs for care and maintenance provided defendant’s daughter, Lara Schneps, at the Willowbrook State School (now the Willowbrook Development Center). Subdivision (a) of section 43.03 of the Mental Hygiene Law provided, at the time of the services in question were provided to Lara Schneps: "The patient, his estate, his spouse, his parents or his legal guardian if he is under twenty-one, and his committee and any fiduciary or representative payee holding assets for him or on his behalf are jointly and severally liable for fees for services rendered to the patient.”
Lara Schneps, whom defendant describes as a profoundly retarded, multiple-handicapped child, was admitted to Willow-brook, as a resident, on October 15, 1969. Predicated upon the fact that the income of the defendant exceeded $16,000 in 1968, and in accordance with guidelines established by the Commissioner of Mental Hygiene pursuant to article 7 of the Mental Hygiene Law, a fee, chargeable to the defendant, of $60 per month was established for the care of Lara Schneps as of November 1, 1969. Plaintiff notes that this feé was well below the actual cost of providing Lara Schneps with care and maintenance. Defendant is purported to have agreed to the payment of that fee. The charges sought to be recovered by the plaintiff were for the period from November 1, 1969 to September 1, 1972, after which the defendant removed his daughter from the plaintiff’s institution.
Defendant’s answer consists of specific denials, affirmative defenses and counterclaims for compensatory damages of in excess of $100,000 and punitive damages of $1,000,000. The court below in denying both plaintiff’s motion and defendant’s cross motion for accelerated judgment summarily observed, "There are triable issues of fact involved in this action which *831 can only be resolved by a trial. One of said issues is whether plaintiff rendered the proper care and supervision to defendant’s child for which plaintiff is claiming a balance due.” In plaintiff’s reply to defendant’s counterclaims, the plaintiff asserts as a defense to those counterclaims that the Civil Court has no jurisdiction over the subject matter thereof because the State of New York has not consented to the initiation of actions, including counterclaims, to recover a sum of money from the State in any of its tribunals other than the Court of Claims of the State of New York. Courts, other than the Court of Claims, indeed lack jurisdiction to adjudicate such claims (State of New York v Lang, 84 Misc 2d 106, affd 52 AD2d 921; Diamond v Martin-Deichsel Leather Co., 67 Misc 2d 341; People v C. & W. Constr. Co., 256 App Div 17, rearg den 256 App Div 1026; Matter of Goldberg, 43 Misc 2d 1037), and the defendant acknowledged during the course of the argument of his appeal that the specified counterclaims could not be maintained in the Civil Court.
On appeal, plaintiff argues that, contrary to the findings of the court below, no questions of fact exist and in this regard, that the adequacy of the services received by Lara Schneps is irrelevant and immaterial to plaintiff’s cause of action because defendant’s obligation to pay the fee assessed by the plaintiff is mandated by section 43.03 of the Mental Hygiene Law and is therefore beyond the scope of any traditional concept of contractual obligation. In addition, plaintiff suggests that defendant’s liability for the subject charges arises out of his obligation to support his child, which obligation cannot be contracted away. Plaintiff cites as authority supporting its contentions State of New York, Mental Hygiene v Dolan (89 Misc 2d 1003) wherein it was held that the State was entitled to summary judgment in its action against the father of a retarded child for unpaid fees charged for care, treatment and maintenance at Willowbrook School.
Defendant argues on appeal, inter alia, that he is entitled to summary judgment dismissing the complaint because the plaintiff failed to submit any probative evidence contradicting the assertions contained in his affidavit in support of his cross motion for summary judgment, regarding the grossly inadequate care and maintenance afforded Lara Schneps during the period of her residence at Willowbrook School. Defendant also argues that section 43.03 of the Mental Hygiene Law, as amended effective August 5, 1977, absolves him of any *832 liability for the subject fees. Addressing these arguments in inverse order, section 43.03, as amended, provides: "The patient, his estate, his spouse, his parents or his legal guardian if he is under twenty-one years of age, and his committee and any fiduciary or representative payee holding assets for him or on his behalf are jointly and severally liable for the fees for services rendered to the patient. Parents or spouses of parents are not liable for the fees for services rendered to a disabled child [which includes a retarded child] under twenty-one years of age, who does not share the common household even if the child returns to the common household for periodic visits.” Defendant’s contention that section 43.03, as amended, absolves him of liability under its predecessor section is neither supported by the language of the amended section nor the character of the amendment. It is virtually axiomatic that statutes will be deemed prospective, rather than retroactive, unless the language of the statute, either expressly or by implication, requires that it be given retroactive construction (Kelly v Yannotti, 4 NY2d 603 [see 6 AD2d 1046]; Matter of Mulligan v Murphy, 14 NY2d 223; McKinney’s Cons Laws of NY, Book 1, Statutes, § 51 et seq.).
Although statutes essentially remedial in character constitute an exception to the general rule of prospective application (McKinney’s Cons Laws of NY, Book 1, Statutes, § 54), section 43.03, as amended effective August 5, 1977, is not a remedial provision, adjusting, as it does, the substantive obligations of parents of institutionalized disabled children. To give that section anything but prospective application, would be to deviate from the express language of the section and from long accepted rules of statutory construction.
Nor has the defendant established that the fee sought to be imposed by the plaintiff was violative of the Constitution of either the United States or the State of New York (Matter of Levy, 38 NY2d 653, app dsmd 429 US 805). Defendant’s attempt to distinguish Matter of Levy from the case at bar is ineffectual. In Matter of Levy (supra, p 661) the Court of Appeals concluded: "that there is a rational basis for the [legislative] differentiation in treatment of the maintenance component of the educational expenses of blind or deaf children and children who are otherwise handicapped.”
Thus the rights and obligations of the parties being, in the final analysis, governed by section 43.03, as constituted prior to its most recent amendment, the question remains whether the defendant is obligated to pay the fee claimed by *833 the plaintiff, irrespective of any deficiency in the character of the care and maintenance provided to his daughter. Plaintiff’s reliance upon State of New York, Mental Hygiene v Dolan (89 Misc 2d 1003, supra), for the proposition that the defendant is so obligated, appears misplaced. Although the issue of the adequacy of the service provided to the child involved in that case, one Maureen Dolan, was raised, the court concluded in that regard (p 1005) that "there has been no factual showing in the papers as to what Maureen’s regimen at Willowbrook has been and wherein it has been deficient.” In the instant case, the defendant narrates at length the gross deficiency in the care and maintenance provided his child at the Willow-brook School. The plaintiff’s submission in the court below is totally devoid of proof contradicting the defendant’s detailed narrative of the inadequacy of the care provided his daughter at the plaintiff’s institution.
"A party cannot defeat a motion for summary judgment without laying bare his proof in evidentiary form (Koppers Co. v. Empire Bituminous Prods., 35 A D 2d 906; Di Sabato v. Soffes, 9 A D 2d 297, 301) and since the matter is before us on such a motion, it is presumed that the record now contains all the available evidence, obviating the necessity of further hearings. (Georgia-Pacific Corp. v. Fort Pit Supply, 34 A D 2d 742.)” (Matter of Bank of N. Y., 43 AD2d 105, 107.)
In view of the plaintiff’s failure to in any way rebut the defendant’s proof as to the character of the care and maintenance afforded Lara Schneps at Willowbrook School, we must conclude that Lara Schneps received little or no care and grossly inadequate maintenance, and defendant should be absolved of his obligation under the then applicable statute, to pay "fees for services rendered to [his daughter]”. Even though, as suggested by the plaintiff, defendant’s obligation is statutory rather than contractual, that statutory obligation logically and necessarily subsumes that, at the very least, minimally adequate services were rendered in the first instance. Given the described state of the record, no such finding can be made. Nor should the defendant be relegated, as plaintiff suggests, to pursuing remedies under CPLR article 78, which, inasmuch as he removed his daughter from Willow-brook on September 1, 1972, would be singularly inappropriate. Accordingly, defendant is entitled to summary judgment dismissing plaintiff’s complaint.
Concur: Tierney, J. P., Riccobono and Asch, JJ.