■ NATIONAL BANK OF NORTH AMERICA, Appellant-Respondent, v FLUSH-ING NATIONAL BANK, Respondent-Appellant.—Order, Supreme Court, New York County, entered July 11, 1978, denying plaintiff's motion for summary judgment, unanimously affirmed, with costs and disbursements. Cross appeal, unanimously dismissed, without costs or disbursements, in view of defendant's failure to cross-move for summary judgment. In this action between banks, plaintiff sues to compel redemption of four certificates of deposit issued by defendant to its customer, Fashion Wear Realty, and held by plaintiff as security for a loan to Fashion. Defendant claims a right of setoff against the certificates for loans which it advanced to Fashion. The certificates sued upon, although nonnegotiable, are renewals of certificates which were negotiable when issued, having been made payable to Fashion's order. The original certificates were presented for renewal and, despite being automatically renewable, replaced with nonnegotiable, nontransferable certificates, assignable only with defendant's written consent. Plaintiff claims, *inter alia,* that it is a holder in due course, and that its rights vested before the substitution of the restricted certificates. Whatever merit this argument might otherwise have, it is clear that plaintiff was never a holder in due course. To have such status a party must be a holder (Uniform Commercial Code, § 3-302, subd [1].) A holder is defined as one "in possession of a document of title or an instrument or an investment security drawn,

issued or indorsed to him or to his order or to bearer or in blank." (Uniform Commercial Code, § 1-201, subd [20].) Although plaintiff took possession, the certificates were never indorsed by Fashion. Instead, Fashion merely pledged them by separate document as security for the loan. Without an indorsement a transferee cannot be a holder. (See Uniform Commercial Code, § 3-201, subd [3]; also, Uniform Commercial Code, § 3-201, Official Comment, No. 7, p 101.) Thus, plaintiff took the certificates subject to all defenses. Inasmuch as both parties assert competing claims to priority, posing factual issues, summary judgment is inappropriate. Defendant contends that plaintiff cannot claim an interest in the certificates because defendant never consented in writing to any assignment. As Special Term correctly noted, there is an issue as to whether defendant waived the nonassignability provision in the substitute certificates by issuing renewals of the restricted certificates at plaintiff's request. If the provision against assignment were to be given effect, however, plaintiff could not be a transferee entitled to the issuance of a renewal. Even were this issue resolved in plaintiff's favor, a further question exists as to whether plaintiff perfected its security interest in the certificates before receiving notice of defendant's interest. Defendant alleges, over plaintiff's denial, that plaintiff was advised as early as September, 1971, before the substitution of certificates, that they were collateral for loans made to Fashion by defendant. Although this court has the power to award summary judgment to defendant, notwithstanding its failure to cross-move for such relief at Special Term, since a motion for summary judgment searches the record *(Arrow Bldrs. Supply Corp. v Public Serv. Mut. Ins. Co.,* 39 AD2d 672; see, also, *Video Techniques v Teleprompter Corp.,* 60 AD2d 516), such relief is not warranted in light of the foregoing. Concur—Kupferman, J. P., Birns, Sullivan, Lane and Ross, JJ.