■ STATE OF NEW YORK, Appellant, v ANNE STAVOLA, Respondent.—Main J. Appeal from an order of the Supreme Court (Klein, J.), entered September 17, 1986 in Albany County, which denied plaintiff's motion for summary judgment.

Plaintiff commenced this action to recover $6,846.08 from defendant, the mother of Stephen Stavola. Stephen is developmentally disabled with autistic traits. The relief requested represents the amount of Social Security benefits paid on behalf of Stephen while he was a patient at Pilgrim Psychiatric Center in Nassau County from November 26, 1980 through August 31, 1982, less a monthly allowance and other credits. Plaintiff contends that under Mental Hygiene Law § 43.03 (a), defendant, as representative payee of Stephen's Social Security benefits, is liable for the fees for services rendered to Stephen. Plaintiff moved for summary judgment, which Supreme Court denied, finding issues of fact concerning the calculation of monthly fees, the receipt by Stephen of the services represented by such fees and the usual amount of such fees. Plaintiff appeals.

Defendant's statutory obligation to make payments to plaintiff is dependent upon a showing that at least minimally adequate services were provided *(see, State of New York, Dept. of Mental Hygiene v Schneps,* 95 Misc 2d 828). In this case, no such showing has been made and defendant vigorously denies that Stephen was provided adequate services. The affidavit of Stephen P. Hodges, a patient resource agent for plaintiff, and the examination before trial of Helene Luskin, Pilgrim's resource and reimbursement agent, fail to establish the extent of care or services provided to Stephen. Moreover, Luskin's testimony established that although all patients are not billed the same and consideration is given to such factors as ability

to pay, assets, income, age and any Medicaid payments, no inquiry as to these matters was made with respect to Stephen. Indeed, defendant was not told that if she showed expenditures on behalf of Stephen, the billing might be different. On the record before us, we find no error in Supreme Court's order.

Plaintiff's reliance on *State of New York v Brown* (Sup Ct, Albany County, July 2, 1982, Hughes, J.) is misplaced. In *Brown*, the court recognized that the representative payee's highest priority is to pay the institution's charges less the permitted allowance and granted the plaintiff's motion for summary judgment to recover fees for services. The defendant, however, did not question the services and care provided to the patient, as defendant does herein, but merely paid the patient's benefits to himself to satisfy past unspecified expenses incurred on behalf of the patient. Similarly, in *State of New York, Dept. of Mental Hygiene v Dolan* (89 Misc 2d 1003), the defendant's contention that the plaintiff failed to provide proper care, treatment, training and education was not supported in the papers. In the instant case, the threshold requirement that at least minimally adequate services were provided has not been established and, additionally, defendant claims that she has expended the Social Security benefits for Stephen's maintenance. It remains for a jury to resolve these issues.

We add that we are disturbed by plaintiff's failure to produce for an examination before trial a person with knowledge concerning the care and treatment provided to Stephen. In 1984, plaintiff was ordered by Supreme Court to produce officers and employees of Pilgrim to testify about how the monthly fee is derived and whether Stephen received the services represented by that fee. Luskin, the person produced by plaintiff, was not familiar with the nature of the services provided at Pilgrim and did not know what kind of room Stephen had, how often Stephen was seen by a doctor, whether Stephen went on outings, whether cooking facilities were available to patients or what medications and therapies were given to Stephen. Indeed, Supreme Court noted that Luskin did not even know Stephen. Plaintiff is advised to produce someone with knowledge so that this action can proceed.

Order affirmed, with costs. Kane, J. P., Main, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.