OPINION OF THE COURT
Jane S. Solomon, J.
These motions for summary judgment by the defendants in *438 the cases of Consolidated Capital Corp. against Frank DeSalvo (DeSalvo) (index No. 16840/87) and against Anthony Gross (Gross) (index No. 76409/86) raise identical issues.
The actions arise from the failure of each defendant to pay balances due on installment subscription promissory notes executed in favor of Madison Residential Real Estate Limited Partnership 2013 (Partnership). The only differences are the amounts sought in each complaint. The defendants contend that the complaints should be dismissed because the plaintiff is not a holder in due course of the underlying notes as a matter of law. The defendants are correct to the extent that, because the plaintiff is not a holder, as that term is defined in the Uniform Commercial Code, plaintiff is not a holder in due course. As set forth below, however, the complaints are not dismissed.
FACTS
Plaintiff allegedly obtained the notes in connection with a loan of $81.5 million to Consolidated Mortgage Company and to Mrs. Carol Chandra Galanis. As security for that loan, Consolidated Mortgage Company, by its president, John Geanoulis (sic), executed a pledge agreement dated July 30, 1984. The exhibit to that agreement lists the Gross promissory note. Presumably in accordance with this agreement, the Gross note was delivered to plaintiff. Although the DeSalvo note postdates the loan and pledge agreement, it apparently was also delivered to plaintiff at some point even though there is no indication that after-acquired notes are pledged and there is no amended pledge agreement. The proceeds of the loan were distributed between June and September 1984, but prior to execution of the DeSalvo note, at the directions of Mrs. Carol Chandra Galanis and Mr. John Geanoulis.
The Partnership was 1 of 22 related real estate limited partnerships ostensibly designed to provide tax benefits to limited partner investors such as DeSalvo and Gross. The principal players in the promotion and syndication of the partnerships, including John Galanis, have since been indicted and convicted for their roles in what turned out to be a major fraud in which significant sums of money raised from investors such as DeSalvo and Gross were misused. As a result, the Partnership’s real estate was lost in foreclosure.
DeSalvo and Gross purchased their units and executed their promissory notes in 1984. As limited partners in the Partner *439 ship, they did not participate in its actual operations. They stopped paying on their notes at different times in 1986 when they learned of the then alleged fraud. It is their position that the complaints should be dismissed on the grounds that plaintiff is not a holder in due course, because plaintiff is not a holder within the meaning of the Uniform Commercial Code.
THE LEGAL ISSUE
The notes state that they are to be governed by Connecticut law. As relevant here, there is no difference between New York law and that of Connecticut. For this reason, the New York statutory scheme is referred to hereinafter.
Under the Uniform Commercial Code, a holder in due course must first be a holder. A holder is defined in UCC 1-201 (20) as "a person who is in possession of * * * an instrument * * * drawn, issued or indorsed to him or to his order or to bearer or in blank.” The DeSalvo and Gross notes are instruments issued to the Partnership or its order. They are not drawn or issued to plaintiff or its order; nor are they drawn or issued in blank. Thus, unless they are endorsed to plaintiff, plaintiff is not a holder. (Cheshire Commercial Corp. v Messier, 6 Conn Cir 542, 278 A2d 413; National Bank v Flushing Natl. Bank, 72 AD2d 538 [1st Dept 1979]; Lipkowitz & Plaut v Affrunti, 95 Misc 2d 849 [Sup Ct, NY County 1978].)
UCC 3-202 (1), as relevant here, states that "[negotiation is the transfer of an instrument in such form that the transferee becomes a holder. If the instrument is payable to order it is negotiated by delivery with any necessary indorsement”. The next subdivision, UCC 3-202 (2), requires that an endorsement "be written by or on behalf of the holder and on the instrument or on a paper so firmly affixed thereto as to become a part thereof.” Indeed, UCC 3-201 (3) states that "[negotiation takes effect only when the indorsement is made and until that time there is no presumption that the transferee is the owner.” Under the facts here, unless the notes are endorsed to plaintiff by the Partnership or a transferee of the Partnership in accordance with UCC 3-202 (2), namely, "on” the notes or on a "firmly affixed” paper, pursuant to the other governing provisions just set forth, the notes have not been negotiated to plaintiff and, although apparently a transferee, plaintiff is not a holder.
Here, notwithstanding the protestations of plaintiff’s officer that it is "patently false” that the notes were "never en *440 dorsed” to plaintiff, no evidence of an endorsement has been submitted. The reverse of the notes are blank and there is not even a suggestion of another paper, let alone one firmly affixed to a note, containing any endorsement. The listing of one of the notes on the exhibit to the pledge agreement does not constitute an endorsement.
If plaintiff is not a holder, it cannot be a holder in due course, since UCC 3-302 (1) defines "a holder in due course” as a "holder who takes the instrument” (emphasis added). Because plaintiff is not a holder or a holder in due course, it does not have the benefit of UCC 3-305 which would permit it to take the notes free of claims or defenses of DeSalvo and Gross, with whom plaintiff apparently had no dealings within the meaning of that section of the UCC. Plaintiff’s enforcement of any right it has to the notes is instead governed by UCC 3-306 which provides that, "[ujnless he has the rights of a holder in due course, any person takes the instrument subject to” (emphasis added), among other things, defenses available to a party in an action on a simple contract, and other defenses including lack of consideration.
THE MOTION TO DISMISS
Paragraph 4 of the complaint in each action contains plaintiff’s allegation that it is a holder in due course which took the notes for value and without knowledge of any defenses. In his answer, each defendant denies these allegations and asserts an affirmative defense that plaintiff is not a holder in due course. The preceding portion of this opinion upholds those affirmative defenses upon the facts contained in the cursory affidavits of DeSalvo and Gross and the exhibits annexed to their attorney’s moving affirmations.
The foregoing examination of the governing provisions of the UCC, however, makes it apparent that summary judgment dismissing the complaints based upon the affirmative defenses does not lie. The statute now requires plaintiff to prove its entitlement to the notes and to collect on them against the defenses available to DeSalvo and Gross. Those defenses are not clearly spelled out by them in the submissions on these motions. Accordingly, the motions to dismiss the complaints are denied.