■ AMERICAN INVESTMENT BANK, N. A., Appellant, v HENRY S. DOBBIN et al., Respondents. [617 NYS2d 999] —Mikoll, J. Appeal from an order of the Supreme Court (Relihan, Jr., J.), entered July 30, 1993 in Tompkins County, which denied plaintiff's motion for summary judgment in lieu of complaint.

On December 2, 1991 defendants executed a promissory note payable to Axon Associates, Inc. in the sum of $26,740. The proceeds from the note were paid to Tekna Synergy Corporation for an interest in oil wells owned by Tekna. The note provided that repayment of the principal sum was to be paid in 14 quarterly installments of $1,910 each plus interest thereon beginning on April 1, 1992 and thereafter on the first day of each succeeding quarter until payment was made in full.

On January 23, 1992 the note was assigned to plaintiff by Axon. Defendants thereafter received a letter from plaintiff dated January 23, 1992 advising that plaintiff "has purchased your promissory note payable to Tekna * * * and has received an assignment of said promissory note and security interest". The letter continued: "Payments will be as described in the terms of the notes which you signed for Tekna." Significantly, there is no mention of Tekna in the note or in an estoppel letter signed by defendants. However, the January 23, 1992 letter and other letters from plaintiff made reference to Tekna or the Tekna account.

Following default in payment on the note, plaintiff moved for summary judgment in lieu of complaint pursuant to CPLR 3213 seeking judgment against defendants in the amount of $19,895.32, together with accrued interest, reasonable counsel fees and costs based upon the unpaid balance due on the promissory note. This motion was supported by the affidavit of a vice-president of plaintiff, Mary Bernard, with attached copies of certain documents and communications. Defendants submitted the affidavit of defendant Henry S. Dobbin in opposition to the motion, urging that a trial is required

because plaintiff is not a holder in due course of the note, its claim is subject to the defense of fraud in the inducement in the making of the original note, the transaction was illegal in that it violated the rules of the Securities and Exchange Commission prohibiting the sale of oil well interests on credit, and plaintiff had knowledge of the illegality and fraud of Tekna and/or participated in the fraudulent representations and illegal acts of Tekna. Dobbin stated in his affidavit that on September 15, 1992, Tekna agreed in writing to pay all money due on the note; he annexed a copy of the agreement to his affidavit. Dobbin based his information and belief upon information received from others and information from the Securities and Exchange Commission notifying investors of alleged mismanagement of the joint venture and of misappropriation of funds.

Supreme Court denied plaintiff's motion for summary judgment, finding that defendants "alleged certain defenses to be raised and asserted in an answer that cannot now be disposed of by summary judgment". Supreme Court further ordered that the denial be without prejudice to renewal and that plaintiff serve a complaint on defendants' counsel. Plaintiff appeals.

The order of Supreme Court should be affirmed. Examination of the record indicates that questions of fact are raised requiring a trial as to whether plaintiff is a holder in due course of the instrument in question. The copy of the note submitted by plaintiff bears on its back an endorsement by plaintiff to Governor Financial. This endorsement is below the endorsement of Axon to plaintiff indicating that plaintiff negotiated the instrument after receiving it from Axon and no longer has possession of the note. The purported copy of the original promissory note is incomplete and does not show evidence of its execution. Thus, plaintiff has not satisfactorily shown that it has possession of the note upon which it seeks to recover (UCC 1-201 [20]; *see, Consolidated Capital Corp. v DeSalvo*, 146 Misc 2d 437, 439-440) and its own proof raises a question of fact to be tried. Lacking sufficient proof that plaintiff had possession of the note at the commencement of the action and that it has possession now, it is not entitled to holder in due course status *(see, Consolidated Capital Corp. v DeSalvo, supra; see also, Marrazzo v Picolo*, 130 AD2d 463, 464).

Further, although the affidavit of Bernard recites that plaintiff is a holder in due course, on this record that allegation is conclusory. Specifically, despite evidence of irregularities,

there is no statement in Bernard's affidavit that plaintiff took the instrument in good faith *(see, Chemical Bank v Haskell,* 51 NY2d 85, 91, 93; *see also, DH Cattle Holdings Co. v Kuntz,* 165 AD2d 568, 570-571). The affidavit of Dobbin states that Tekna induced defendants to execute the note by false and misleading statements and assurances that oil well revenues would be sufficient to pay the note and that without such assurances defendants would not have executed the note. The servicing and loan agreement executed by Tekna on September 15, 1992 wherein Tekna promises to make defendants' note payments lends credence to Dobbin's assertions. The record also demonstrates an ongoing loan account between plaintiff and Tekna indicating that plaintiff may have actual knowledge of Tekna's alleged fraud and/or illegal oil well funding operation involving defendants. Since the information of the extent of plaintiff's alleged involvement with Tekna and Axon is within the knowledge of plaintiff's officers and employees, Supreme Court properly denied summary judgment to plaintiff at this point so that defendants may obtain disclosure of plaintiff *(see, Proctor & Gamble Distrib. Co. v Lawrence Am. Field Warehousing Corp.,* 16 NY2d 344, 362; *see also, Bank Leumi Trust Co. v Felner,* 70 AD2d 869).

Cardona, P. J., Mercure, White and Casey, JJ., concur. Ordered that the order is affirmed, with costs.