Fremont-Smith, Thayer, J.

INTRODUCTION

The plaintiff, William Cavanaugh (“Cavanaugh”), has filed suit against the defendant, Margaret McK-enna (“McKenna”), seeking an injunction and damages for her alleged breach of contract (Count I), unjust enrichment (Count II), and unfair and deceptive business practices (Count III), arising out of her operation of a funeral home in Wilmington, Massachusetts in violation of her covenant not to compete, which was contained in the divorce separation agreement with her former husband, the plaintiff. The Defendant has moved for summary judgment as to all counts of the complaint.

BACKGROUND

Cavanaugh and McKenna married in 1981 but divorced in 1993 pursuant to a written separation agreement, approved by the Middlesex County Probate and Family Court. By agreement, McKenna received the marital home, and Cavanaugh assumed the mortgage on it. The agreement was later modified in 1994 to provide that Cavanaugh would pay $650 per week for child support. At the same time, McKenna agreed that:
she will not accept full time funeral employment or open her own funeral business within the Town of Wilmington so long as the husband is in the funeral business in Wilmington and she will only request the use of the husband’s funeral home for funerals of blood relatives. Any such rental arrangements shall be in conformance with the General Practice List of the home that is in effect at that time.
Pursuant to the same modification, the parties agreed as to which party would claim which child as a tax exemption.
Cavanaugh has owned and operated the W.S. Cavanaugh & Sons Funeral Home (“Cavanaugh Funeral Home”) in Wilmington, Massachusetts since the death of his mother in 1988. His family has operated it for generations. Since 1973, the only other funeral home operating in Wilmington has been Nichols Funeral Home, which in 2005 was sold to the defendant as Trustee of MMM Realty Trust, of which McKenna is the sole beneficiary and the trustee. Prior to the sale, she had worked for Nichols Funeral Home. Subsequent to her becoming the de facto operator of Nichols Funeral Home, she became, in 2006, a registered licensed funeral director.
Cavanaugh alleges that since 1994, McKenna has worked at Nichols Funeral Home and solicited business in Wilmington,[1] damaging the good will of Cav- *695 anaugh Funeral Home, and that families who formerly conducted funerals with Cavanaugh Funeral Home now conduct their funeral business with Nichols Funeral Home, under the direction of McKenna. Some families have selected Nichols Funeral Home after initially selecting Cavanaugh Funeral Home.

DISCUSSION

Summary judgment shall be granted where there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Mass.R.Civ.P. 56(c); Cassesso v. Comm’r of Correction, 390 Mass. 419, 422 (1983). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue, and that the summary judgment record entitles the moving party to judgment as a matter of law. Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989). The moving party may satisfy this burden either by submitting affirmative evidence that negates an essential element of the opposing party’s case or by demonstrating that the opposing party has no reasonable expectation of proving an essential element of his case at trial. Flesner v. Technical Communications Corp., 410 Mass. 805, 809 (1991); Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991).
Count I — Breach of Contract for Violation of Covenant Not to Compete
A covenant not to compete must be reasonable in time and scope, serve to protect a party’s legitimate business interests, be supported by consideration, and be consonant with the public interest. See Marine Contractors Co. v. Hurley, 365 Mass. 280, 287 (1974); All Stainless, Inc. v. Colby, 364 Mass. 773, 778 (1974).
While most covenants not to compete arise either in the context of an employment relationship or the sale of a business, there are situations which do not “fit neatly into existing standards for reviewing such covenants” which require analogy. Boulanger v. Dunkin’ Donuts, Inc., 442 Mass. 635, 640 (2004) (finding covenant in franchise agreement akin to that of covenant in sale of business). With the sale of a business, “courts look less critically at covenants not to compete because they do not implicate an individual’s right to employment to the same degree as in the employment context.” Id. Courts will consider whether the parties were represented by counsel in making the agreement and entered the agreement without compulsion. Alexander & Alexander, Inc. v. Dahany, 21 Mass.App.Ct. 488, 498 (1986).
The reasonableness of a covenant not to compete must be determined by the facts of each case. Marine Contractors Co., 365 Mass. at 287. Factors considered in determining the reasonableness of a restriction as to time include: 1) the nature of the business; 2) the type of employment involved; 3) the situation of the parties; 4) the legitimate business interests; and 5) a party’s right to work and earn a livelihood. All Stainless, Inc., 364 Mass. 773, 778 (1974). Legitimate business interests include trade secrets, confidential business information, and good will. Id., 779-80.
Here, the covenant not to compete contained within the separation agreement is most analogous to the sale of a business. While McKenna worked at Cavanaugh Funeral Home before her divorce, she was not considered to be an employee. Her relinquishment of the right to operate a competing funeral home is akin to her sale of an asset. As such, the covenant not to compete should be construed more liberally. Also important in this consideration is the fact that McKenna was represented by counsel when she agreed to the non-compete provision, and there is no allegation that she was in any way coerced.
The Court finds that her covenant not to compete in the funeral business in the town of Wilmington for as long as Cavanaugh operates his funeral home there is reasonable in time and space. The restriction only applies to the town of Wilmington. Nothing prevents McKenna from entering the funeral business in another town (in fact, she worked for a funeral business in the town of Newton previously). In addition, it is important to note that there are only two funeral homes in Wilmington, Cavanaugh’s and Nichols Funeral Home, and the defendant’s utilization of the personal relationships forged , while working at the plaintiffs funeral home would, in effect, misappropriate the good will of the plaintiffs business.
As part of the separation agreement, Cavanaugh gave up his right to the marital home and assumed the mortgage, and, in the modification, agreed to make weekly support payments, obtaining protection for the good will of his business in return. Allowing McKenna to compete in the same town while soliciting his clientele can be expected to eviscerate the good will of his business, the protection of which he received in return for his contractual undertakings.
In these circumstances, the Court finds that her covenant not to compete is enforceable. See Eastern Bag & Paper Co., Inc. v. Ross, Lawyers Weekly No. 12-187-07 (Superior Court, Curran, J., June 23, 2007). Accordingly, the Court grants summary judgment to the plaintiff on Count I, leaving the issue of damages for trial.
Count II — Unjust Enrichment/Quantum Meruit
The facts of this case do not provide a cause of action for quantum meruit, which requires a showing that a plaintiff has conferred a measurable benefit on a defendant with the reasonable expectation of being paid, which benefit the defendant accepted. Bolen v. Paragon Plastics, Inc., 747 F.Sup. 103, 106 (D.Mass. 1990). Accordingly, the count grants summary judgment to the defendant on Count II.
Count III — Violation of c. 93A
Here, it is alleged that the defendant surreptitiously and covertly acquired ownership of a competing fu *696 neral home in knowing violation of the covenant not to compete, and solicited her former husband’s clientele for her own business. The Court rules that such conduct, if proven at trial, could be a violation of G.L.c. 93A and denies defendant’s motion on this count.

ORDER

Accordingly, the Court ALLOWS summary judgment for the plaintiff as to Count I, leaving the issue of damages for trial. Defendant’s Motion for Summary Judgment is DENIED as to Counts I and III, but is ALLOWED as to Count II.

Some of the solicitations alleged were serviced out of Nichols Funeral Home under the name of Blackington, Con-roy & Hayes Funeral Home (“Blackington”), which is located in Newton, Massachusetts.