Kern, Leila R., J.
INTRODUCTION
This action arises from a series of agreements between Emptoris, Inc. and the defendants, including an agreement to sell software, a series of promissoiy notes, and a series of non-competition and non-solicitation agreements. Emptoris and the defendants brought claims against each other based on various alleged breaches of those agreements. This matter was tried before a juiy from October 13, 2009 to October 29, 2009. Based on the evidence adduced at trial, the juiy’s verdict, and the parties’ post-trial submissions, this court makes the following findings of fact and conclusions of law.
FINDINGS OF FACT
' Based on the weight of the credible evidence, the reasonable inferences drawn from such evidence, and the juiy’s verdict, this court makes the following findings of fact.
Arnab Gupta and Paul ter Weeme are principals of Opera Solutions, LLC. Previously, they were executives employed by Zeborg, Inc. In 2000, Gupta and ter Weeme executed promissoiy notes to finance their purchase of stock in Zeborg. In September 2002, Gupta and ter Weeme executed amended and restated promissoiy notes in the amounts of $660,248.14 and $168,900.69 respectively, which provided for a lower interest rate (4.6% per annum as compared with 8% per annum) and a later maturity date of April 10, 2008.[2] Both Gupta and ter Weeme’s employment at Zeborg terminated by February 15, 2003. Gupta founded Opera Solutions, LLC in early 2003, and ter Weeme began to work at Opera sometime in 2005.
Emptoris, Inc. acquired Zeborg in 2003, after Gupta and ter Weeme were no longer Zeborg employees. Through that transaction, Emptoris also acquired the amended notes executed by Gupta and ter Weeme.
Gupta and ter Weeme subsequently contacted Emptoris and asked Emptoris to forgive the amended notes. The parties entered into a settlement agreement and general release of all claims (SAGR)[3] Gupta executed his SAGR agreement on November 5, 2004, and ter Weeme on March 4, 2006. The SAGR agreements provided that Emptoris would forgive the amended notes provided that Gupta and ter Weeme agreed to the following conditions:
(1) “(F]or a period of twenty four (24) months [not] . . . directly or indirectly, compete with Emptoris’ Business . . .”
(2) “[Not] solicit, seek to employ, or seek to retain the services of’ an Emptoris employee or “persuade, induce or attempt to persuade or induce any such person to leave his/her employment or to refrain from providing services to Emptoris”
(3) “for a period of twenty-four (24) months . . . support [Emptoris’s] business development by advising [Emptoris’s] management” and “provide [Emptoris] with expert references” and “not engage in supporting [Emptoris’s] direct competitiors.”
*462 In August 2005, Emptoris and Opera entered into a “pilot agreement” for the sale of certain software by Emptoris to Opera.
In 2006, Emptoris instituted the present action against Gupta and ter Weeme, alleging that they had breached the SAGR agreements, and seeking to enforce the amended notes against them. Gupta and ter Weeme brought counterclaims against Emptoris, alleging that Emptoris breached the SAGR agreements and the amended notes, entitling Gupta and ter Weeme to have the amended notes forgiven.
Emptoris also brought a claim for breach of contract against Opera, alleging that Opera had not paid Emptoris amounts due under the pilot agreement. Opera brought a counterclaim against Emptoris, alleging that the software did not function according to the specifications in the pilot agreement and it was entitled to the return of its initial payment for the software.
After trial, the jury found that Gupta and ter Weeme had violated their SAGR agreements, making each of them liable under the amended notes. In addition, the jury found that Opera had breached the pilot agreement and that it owed Emptoris $71,037.18 in damages. The jury further found that Emptoris did not breach the pilot agreement. Opera also brought a claim against Emptoris under G.L.c. 93A, §11, and this Court reserved decision on that claim until after the jury trial was completed.
DISCUSSION
The issues remaining for this court at this time relate to the enforceability of the covenants not to compete in the SAGRs, the enforceability of the amended notes by Emptoris and Opera’s G.L.c. 93A counterclaim.
1. The SAGR Agreements
The covenants not to compete included in the SAGR agreements are valid and enforceable. “The virtually unanimous position of the courts . .. maintains that a restrictive promise ‘that is not ancillary to an otherwise valid transaction or relation is unreasonably in restraint of trade’ . . .”6 Williston on Contracts, §13.4, at 229-34 (4th ed. 1995), citing Restatement (Second) of Contracts, §187. See also Novelty Bias Binding Co. v. Shevrin, 342 Mass. 714, 716-17 (1961). Here, the covenants not to compete were part of the SAGR agreements, and were thus ancillary to a lawful transaction. Compare Cavanaugh v. McKenna, Civil Action No. 06-1160, 2007 WL 2367556 *3 (Mass.Super.Ct. July 25, 2007) (Fremont-Smith, J.) [22 Mass. L. Rptr. 694] (covenant not to compete ancillary to divorce agreement deemed lawful). In addition, the covenants not to compete were formed to preserve the customer good will that Gupta and ter Weeme had created through their work at Zeborg. See Slade Gorton & Co., Inc. v. O’Neil, 355 Mass. 4, 9 (1968) (covenant not to compete would be enforceable to the extent there was evidence of customer good will within its geographic scope).
Furthermore, the SAGR agreements are reasonable in scope. Because Emptoris has customers all over the world, the scope of the covenants not to compete must have commensurate breadth to fully protect Emptoris’s business interests. See, e.g., EMC Corp. v. Allen, Civil Action No. 97-5792, 1997 WL 1366836 *1 (Mass.Super.Ct. Dec. 15, 1997) (Kottmyer, J.) [8 Mass. L. Rptr. 21]. Furthermore, courts have previously accepted a duration of two years as a reasonable scope for covenants not to compete. E.g., All Stainless, Inc. v. Colby, 364 Mass. 773, 779 (1974).
2. Amended Notes
A.Subject Matter Jurisdiction
Contrary to the defendants’ arguments, the amended notes are enforceable against Gupta and ter Weeme, and even if they were not, this court would not be deprived of subject matter jurisdiction. Gupta and ter Weeme received stock in Zeborg as consideration for the original notes, and any subsequent modifications did not require new consideration. Roddy & McNulty Ins. Angecy, Inc. v. A.A. Proctor & Co., Inc., 16 Mass.App.Ct. 525, 536 (1983); Am. Surety Co. of N.Y. v. Palmer, 240 N.Y. 63, 66 (1925).
B.Effects of Early Demand by Suing on Notes
This court is not aware of any authority supporting Gupta and ter Weeme’s contention that dismissal is required because Emptoris brought suit under the amended notes before their maturity date. The amended notes became due during the pendency of this action, well before this trial. Whatever obstacles might have existed with respect to Emptoris’s right to recovery under the amended notes earlier in this litigation, there are no such problems now. To the extent the Gupta and ter Weeme suggest that Emptoris’s premature suit under the amended notes excuses them from performance, Emptoris’s suit was not a material breach and thus does not excuse performance. See Anjay Corp. v. Lloyd’s of London, 822 N.Y.S.2d 249, 251 (App.Div.lst Dept. 2006) (issue of materiality of breach is for the jury); see generally 14 Howard J. Alperin, Massachusetts Practice, §5.67, at 768-70 (4th ed. 2006) (standards for materiality of breach of contract).
C.Enforceability as an Assignee
Emptoris has the right to enforce the amended notes as an assignee. “When ... an instrument is transferred, but without an indorsement, it is treated as a chose in action assigned to the purchaser. The assignee acquires all the title of the assignor, and may maintain an action thereon in his own name; and, like all other choses in action, it is subject to all the equities and defenses existing in favor [of] the maker or acceptor against the previous holder.” The Cadle Co. v. Nickelson, Civil Action No. 95-5307, 1996 WL 724740 *463 *4 (S.D.N.Y. Dec. 17, 1996). See, e.g., Consol Capital Corp. v. DeSalvo, 550 N.Y.S.2d 803, 805-06 (N.Y.Civ.Ct. 1990) (plaintiff, where not a holder in due course, was entitled to maintain an action on a negotiable instrument subject to additional defenses available to the defendant).
D. Amended Notes Not a Penalty Clause
To the extent Gupta and ter Weeme suggest that enforcement of the amended notes is an unenforceable penalty clause, their argument is without merit. Emptoris’s willingness to forgive the amended notes was conditioned on their compliance with the covenants not to compete set forth in the SAGRs; the amended notes were sued upon as a result of Gupta and ter Weeme’s failure to comply. This was not a case in which a particular sum was specified in the SAGR agreements as liquidated damages, on the contrary, the sum was already fixed in the amended notes when the individual defendants negotiated the SAGR agreements.
3. Opera’s Claims under G.L.c. 93A
There was no evidence adduced at trial that would support a finding that Emptoris acted unfairly or deceptively. To the extent the defendants rely on the Ariba patent litigation in the U.S. District Court for the Eastern District of Texas, this court has already declined to accept evidence of those proceedings in this matter when it allowed Emptoris’s Motion in Limine to preclude the introduction of this issue at trial. With no evidence of unfair or deceptive conduct before it, this court does not find that the pilot agreement was an unenforceable illegal contract, nor impose liability on Emptoris under G.L.c. 93A.
ORDER
For the foregoing reasons, it is ORDERED that JUDGMENT shall enter in favor of Emptoris in the amount of $71,037.18 against the defendant Opera Solution, LLC; in favor of Emptoris in the amount of $660,248.14 plus 4.6% interest per annum against defendant Arnab Gupta and in favor of Emptoris in the amount of $168,900.69 plus 4.6% interest per annum against defendant Paul ter Weeme. JUDGMENT shall enter in favor of Emptoris on defendant Opera Solutions, LLC’s G.L.c. 93A claim.

The amended notes were governed by New York law.

The SAGR agreements were governed by Massachusetts law.